St. Louis, Arkansas & Texas Railway Company v. E. J. Lemon.

No. 3122.

Foreman—Liability of Employer. — One Wilson was the foreman of the bridge gang of which plaintiff was a member. Wilson controlled the work, employed and discharged the hands. In his absence he left Stevens in charge of the gang. While under Stevens' control plaintiff with three others on a hand car was sent after water. Meeting a train, they had to move the hand car from the track, and in so doing plaintiff had his hand injured. It was claimed that the hand car was too heavy to be lifted from the track by four men, etc. The testimony as to the size of the car was conflicting. Plaintiff was an old railway hand, and had full opportunity of knowing the weight, etc., of the hand car used. *Held:*

1. The court should have submitted clearly the issue whether Stevens had the right to employ and to discharge the hands under him, and to control their work.

2. The court erred in refusing a charge that if the weight of the car used and the number of men necessary to handle it was a matter open and patent to common observation plaintiff could not recover.

Appeal from Dallas. Tried below before Hon. R. E. Burke. The opinion states the case.

*Perkins, Gilbert & Perkins,* for appellant.—1. The foreman of a bridge gang while performing the ordinary labor that other members of the gang do is a fellow servant with them as to such service, and this is clearly true in this case. Dallas v. Railway, 61 Texas, 196; Railway v. Tarver, 72 Texas, 308; Railway v. Watts, 63 Texas, 549; Bish. on Non-Con. Law, secs. 664, 665, and note 3; Cool. on Torts, p. 543.

2. The foreman of a bridge gang has no authority to delegate his power to employ and discharge hands to a member of the gang; and if during the temporary absence of the foreman he leaves a member of the gang to superintend the work, such member would not thereby become the vice principal as to the other hands, but would remain their fellow servant, and the company would not be liable for his negligence. Smith v. Sublett, 28 Texas, 163; McCormick v. Bush, 38 Texas, 314; Mech. on Ag., sec. 184.

3. A master is not liable for injuries to his servant while using machinery which has no latent defect, in the line of his employment, if the servant has the same knowledge of its construction and use, or the danger incident to its use, as the master, or if in the exercise of due care he ought to have such knowledge. Railway v. McCarthy, 64 Texas, 632; Railway v. Conrad, 62 Texas, 627; Wood's Mast. and Serv., sec. 366.

*Robert H. West,* for appellee.—1. The foreman of a bridge gang having authority to employ and discharge the members of the gang, in directing the members of the gang what to do, and furnishing the imple-

ments for the members of the gang to work with, and the necessary number of men to handle the same in safety, is a vice principal and not a fellow servant.    Douglas v. Railway, 63 Texas, 567;  Railway v. Drew, 59 Texas, 11;  Wall v. Railway, 4 Texas Law Review, No. 3, p. 38.

2.   Where an insufficient number of men are ordered to do a work, and they proceed to do the work in compliance with said order, they do not waive their right to have a sufficient number of men perform the work on account of said deficit unless the danger was so patent that a man of ordinary prudence and caution would not have engaged in it, or, being already engaged, would not have continued in it. · Thorpe v. Railway, 2 S. W. Rep., 8;  Beach Con. Neg., sec. 373;  Wood Mast. and Serv., sec. 384;  Snow v. Railway, 6 Allen (Mass.), 450.

3.   A railway company is liable in damages for injury inflicted on one of its servants in the performing of duties incident to the employment resulting from an insufficient number of men furnished by said railway company to do the work.   3 Wood's Railway Law, sec. 381;  Booth v. Railway, 29 Am. Rep., p. 97;  Whittaker's Smith on Neg., pp. 125, 126;  Flike v. Railway, 13 Am. Rep., 545;  Railway v. Taylor, 69 Ill., 461;  Thorpe v. Railway, 2 S. W. Rep., 8.

COLLARD, Judge, *Section A.*—This suit was instituted by appellee in the District Court of Dallas County, on November 23, 1888, for personal injuries alleged to have been received by him on July 7, 1888, while engaged in the service of the company as a member of the bridge gang.

Appellee alleges, that Chris. Stevens was foreman in charge of the bridge gang, "with full power to employ and discharge the members of said bridge gang, and had full control of the same by the instructions and with consent of defendant; that said Stevens ordered appellee and three other men of the gang to take one of appellant's hand cars and go to a well about one and one-half mile distant after water; that in obedience to said order appellee and three other members of the gang took a hand car and went for the water; that about the time they reached their destination they saw a train rapidly approaching around a curve; that the four men lifted the hand car from the track, and that in doing so appellee's hand was bruised and sprained, on account of which he was confined to his room for three months and suffered great physical pain, and his hand, by reason of said bruise, is permanently injured; that such injury was caused by reason of an insufficient number of men being sent to handle said hand car; that four men were not sufficient to take it from the track in case of meeting trains; that defendant knew, or by the use of ordinary diligence ought to have known, that four men were not sufficient to handle the car and lift it off the track; that defendant knew, or ought to have known, that the train would pass, and

that the men on the hand car would have to lift the same off the track, which facts were unknown to plaintiff; and that he was guilty of no contributory negligence, etc.

Appellant answered by general and special exceptions, general denial, and specially answered, that if any injury was done to appellee through the negligence of any one, it was that of a fellow servant; and also specially pleaded contributory negligence on the part of appellee.

Appellee recovered judgment for $500. Appellant prosecutes this appeal, and assigns errors.

The record shows no action of the court upon the demurrer or the exceptions to the petition. Plaintiff's evidence supported the facts alleged in his petition, that Stevens was in charge of the bridge gang as boss, had authority to employ and discharge men working in the gang under him, and ordered plaintiff and three other men to go after water on the hand car, as alleged, which they did; that upon the approach of a train the men lifted the hand car off the track in a hurry, as they had to do, and in doing so, plaintiff testified, "I bruised my left hand so badly that it caused a rising on it," etc., which rendered it useless. He said four men were not sufficient to lift the car from the track with safety when a train was approaching. The plaintiff testified on cross-examination, that "there was nothing hidden about the construction of the hand car. Its structure, machinery, and weight were open to the common observation of every one. I had as favorable opportunity to judge of its weight and the number of men necessary to lift it from the track as any one could have. I never picked it up and lifted it off the track before. I had been using it several days." The company had two hand cars for the use of the gang, one red and one blue. This one was red, and was smaller than the other. The plaintiff further says in his cross-examination: "I know that trains had a right to the track, and that section and bridge gangs were expected and required to give it to them; all trains had the right to an open track in preference to bridge gangs, and it was the duty of the hands to be always on the lookout for them. Extra and special trains are liable to come at any time. Trains are run by telegraph orders, and bridge and section men are required to take their hand cars from the track. * * * I knew about the size but not the heft of the two hand cars. There was nothing to prevent my making an examination of the cars before I was hurt. Any man in the employ of the company in that capacity could make an examination of the cars." Plaintiff had been engaged in railroading in different capacities for a number of years in the construction of works. The evidence adduced for him showed, that the red and blue cars were about the same in weight—about 1000 pounds—but the blue car was the larger; that they were larger and heavier than hand cars usually are, and that it would require six men to lift the red car off

the track in safety to avoid a collision with an approaching train. Light cars used by railways are usually handled by four men; but these were heavier.

It was proved that one Wilson was foreman of this bridge gang at the time plaintiff was injured; that he was absent, and had left Chris. Stevens in charge of the gang and the work during his absence. It was in proof by defendant that a foreman absenting himself from his work and leaving one of the men in charge does not delegate his authority to employ and discharge the hands. Wilson, the regular foreman, testified, that the man in charge in his absence was required to report to him on his return any member of the gang who had not done his work properly. Plaintiff, on the other hand, testified directly, that Stevens was so authorized to employ and discharge the hands at the time he (plaintiff) was ordered to take the car and go with the three men after water. Defendant's evidence tended to show that these cars were not of unusual size or heft, weighed only about 500 pounds, and could be handled by four ordinary hands, and were so handled.

The court failed to instruct the jury, and refused a charge requested by defendant, to the effect that if the weight of the red car and the number of men necessary to handle it was a matter open and patent to common observation, plaintiff could not recover. An assignment of error presents the question of the correctness or incorrectness of the court's ruling.

The principle in the requested charge is the law, and should have been given to the jury. The evidence demanded it. This principle is at the foundation of plaintiff's right to recover. If it were true, and he knew that four men were not sufficient to remove the hand car from the track to prevent a collision with a train, or if the fact was open to common observation, and he could have known it by the use of ordinary care, he assumed the risk as incident to his employment, and can not recover. It is useless to discuss this question; it has been often decided in this State. Rogers v. Railway, 76 Texas, 502; Railway v. Hester, 72 Id., 40; Railway v. Brentford, 79 Id., 619, and authorities cited.

The court should also have instructed the jury, that to justify a finding for plaintiff the evidence must show that Stevens had control of the work the men were doing, that they were subject to his direction, and that he had the power to employ and discharge the men in the absence of the regular foreman. In general affirmative terms the court's charge submitted these questions. It ought to have been more explicit by giving the converse view of the case, especially as to the absence of the regular foreman, the questions being directly in issue by the evidence. Railway v. Smith, 76 Texas, 618, 619; Railway v. Williams, 75 Id., 4.

Because of the error pointed out in the first part of this opinion, the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*