International & Great Northern Railway Company v. Robert
Figures.

Decided October 12, 1905.

**Assumed Risk—Obvious Danger.**

Where an employe familiar from experience with the handling and lifting
of iron undertook, at the direction of his foreman, and with only one man to
aid him, to lift into a car an iron bolster weighing several hundred pounds,
he assumed the risk resulting from the weight, as the danger involved was
one open to common observation.

Appeal from the District Court of Brazos. Tried below before Hon.
J. C. Scott.

*Doremus & Butler* and *W. B. Teagarden,* for appellant.—Cited on
the doctrine of assumed risk: Railway v. French, 86 Texas, 96; Rail-
way v. Lempe, 59 Texas, 22; Railway v. Shiflet, 58 S. W. Rep., 947;
Railway v. Lemon, 83 Texas, 146; Railway v. Martin, 21 Texas Civ.
App., 207; Railway v. Scott, 62 S. W. Rep., 1077; Houston & T. C.
Ry. Co. v. Crawford, 32 S. W. Rep., 155; Crawford v. Houston & T.
C. Ry. Co., 89 Texas, 89.

*A. C. Breitz, W. T. Board* and *A. G. Board,* for appellee.

REESE, Associate Justice.—Robert Figures, appellee, sues the
International & Great Northern Railroad Company, appellant, to re-
cover damages for personal injuries alleged to have been sustained by
him on account of the negligence of the company. Damages are laid
at $5,000.

The basis of appellee's claim is, that while in the employ of the
company and engaged, with several others, in loading scrap iron on
a car under the direction of one R. J. Long, he and Hal Caldwell were
ordered by said Long to take up and load into the car a piece of iron
or steel called a bolster; that this bolster was too heavy to be safely
handled by two men, a fact which was known to Long, but not known
to appellee, and that in lifting and endeavoring to put it in the car
Caldwell, on account of the weight of the piece, let his end slip and
fall; the result of which was to throw the weight against appellee and
to inflict upon him injuries for which he claimed damages. Negligence
of Long in giving the order aforesaid is alleged and also the facts
necessary to show that he was, upon this occasion, a vice-principal and
not a fellow servant of appellee.

Appellant pleaded general demurrer, general denial, contributory neg-
ligence and assumed risk. The general demurrer was overruled, and
upon trial before a jury appellee had judgment. Motion for new trial
by appellant was overruled and it appeals.

Among other errors assigned is that the verdict and judgment were
contrary to and not supported by the evidence, which in view of the
disposition to be made of the case, is the only assignment that need be
noticed. Appellee testified in his own behalf, and his testimony fur-
nished the only evidence to support his claim as to the accident having

occurred at all. From appellee's testimony it appears that he had been in the employ of the company for more than a year at the time of the accident, had handled scrap iron and steel rails, and was familiar with such work; that on the day the accident occurred he and one Caldwell, while engaged with several others in loading scrap iron on to a car, were ordered by Long, appellant's foreman in charge of the work, to take up and load into the car a piece of iron lying on the ground spoken of in the testimony as a bolster. Having given this order, Long stepped to the end of the car, but could see appellee and Caldwell. These two lifted the bolster and after having done so, and while they held it, one at each end, on account of the weight Caldwell let his end loose, which threw the weight of the other end against appellee, inflicting upon him injuries which need not be here more specially stated.

Appellee testified that he saw the bolster lying near the scrap iron which they were loading, but did not know how heavy it was; that he did not object to loading it on account of its being heavy; that it did not look heavy. Long testified that the bolster was five feet eight inches long and twelve inches square and weighed five hundred and, seventy-five pounds; that he was present when the bolster was loaded and knew that it was heavy and dangerous, because one man had been hurt with it before. He, however, in this connection, testified that six men, whom he named, loaded the bolster into the car. It was con-clusively shown that the bolster was too heavy for two men to safely handle.

Conceding the truth of appellee's testimony and of all of the other testimony supporting every part of his case, our conclusion is, that the verdict and judgment are contrary to the evidence, and that appellant's sixth assignment of error, which complains of the action of the court in overruling its motion for a new trial, on this ground, should be sustained. The general principle of law applicable to the facts is stated in the case of St. Louis, A. & T. Ry. Co. v. Lemon, 83 Texas, 146, with reference to the facts of that case which are very similar to the facts of this case. The principle is well settled in this State.

The sole ground of negligence charged against appellant is, that the foreman Long ordered appellee and one Caldwell to take up and load into the car a piece of iron which the foreman knew to be too heavy to be safely handled by two men alone, which fact was not known to appellee. It was an ordinary piece of iron twelve inches square, five feet and eight inches long and weighing five hundred and seventy-five pounds. It is true that Long testified that he knew it was dangerous, and that one man had been hurt with it, but the unavoidable inference from his testimony is that the danger lay in its weight, and not in any occult properties of the piece of iron peculiarly within his knowledge. This was a matter as fully within the observation of appellee as of Long, especially in view of his testimony that he was familiar, from ex-perience, with the matter of handling and lifting iron. Indeed, what-ever danger, if any there might have been in two men attempting to lift and load this bolster into the car, was a matter so open to common observation as to be necessarily perceivable by any man of ordinary understanding. But even if appellee did not know, and by the use of ordinary care could not have discovered before taking hold of the

bolster, whatever danger there was, if any, in two men undertaking to lift and load it into the car; certainly he had but to take hold of it preparatory to lifting it, to discover as fully as could have been known to Long, whether he and Caldwell could handle it with safety. In undertaking, with the assistance of Caldwell alone, to lift and load the bolster into the car, appellee must be held to have assumed the risk of whatever danger there was in doing so on account of the weight of the piece. (Railway v. Lemon, 83 Texas, 143; Haywood v. Railway, 12 Texas Ct. Rep., 295; Railway v. Sherman, 87 S. W. Rep., 887.)

It is unnecessary to notice the other questions presented by the record. For the reasons given, the judgment of the District Court is reversed and, in as much as according to appellee's own testimony he is not entitled to recover, judgment is here rendered for appellant.

*Reversed and rendered.*