MISSOURI, O. & G. RY. CO. OF TEXAS v. BLACK. (No. 7196.)

(Court of Civil Appeals of Texas. Dallas. Jan. 23, 1915. On Rehearing, April 17, 1915. On Rehearing by Appellee, May 22, 1915.)

1. APPEAL AND ERROR ☞499—QUESTIONS REVIEWABLE—RULINGS ON INSTRUCTIONS.

An assignment of error complaining of instructions, objections to which are not presented by bill of exceptions as required by Acts 33d Leg. c. 59, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2295–2298; Dec. Dig. ☞ 499.]

On Rehearing.

2. APPEAL AND ERROR ☞722 — QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR—MOTION FOR NEW TRIAL.

Under Rev. St. 1911, art. 1612, as amended by Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), providing that, where a motion for new trial has been filed, the assignments therein shall constitute the assignments of error, and need not be repeated by the filing of assignments of error, grounds on which a new trial is sought are assignments of error reviewable on complaint for entering judgment on the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. ☞ 722.]

3. MASTER AND SERVANT ☞217—INJURY TO SERVANT — ASSUMPTION OF RISK — "EMERGENCY."

An employé who remonstrated with the foreman against moving a rail because too heavy for him and the three others directed to do the work, and who knew that the rail was too heavy for four men, assumed the risk of injury in assisting in moving the rail in the absence of any "emergency," which is a condition arising suddenly or unexpectedly, and which calls for immediate action without time for deliberation.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 574–600; Dec. Dig. ☞ 217.

For other definitions, see Words and Phrases, First and Second Series, Emergency.]

On Rehearing by Appellee.

4. MASTER AND SERVANT ☞297—INJURY TO SERVANT — ASSUMPTION OF RISK — SPECIAL VERDICT.

A special verdict in an action for injuries to an employé assisting three men in moving a rail too heavy for four men that the employé knew that four men were insufficient in number to handle the rail in the manner directed is a finding that he understood and appreciated the danger and assumed the risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1195–1198; Dec. Dig. ☞297.]

5. MASTER AND SERVANT ☞221—INJURY TO SERVANT—PROMISE BY MASTER.

A promise by an employer not to subject an employé to danger in the future if he would hazard it is not a promise by the employer to assume the risk of the danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 638–640, 642–645; Dec. Dig. ☞221.]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by Dan Black against the Missouri, Oklahoma & Gulf Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

John T. Suggs, of Denison, and Head, Smith, Maxey & Head, of Sherman, for appellant. A. L. Lewis, of Denison, and Hamp P. Abney and Jones & Hassell, all of Sherman, for appellee.

RASBURY, J. Appellee sued appellant in the court below for damages for personal injuries inflicted by the alleged negligence of appellant; the precise grounds of negligence being, in substance, the failure of appellant to furnish an adequate number of fellow servants to perform the work in which appellee was engaged at the time he was injured, the promise to furnish adequate help if appellee would proceed with the work, and negligence in the method of doing the work with the number of fellow servants actually engaged thereat. Appellant specifically denied the negligence alleged, and charged that, if appellee was injured as alleged, such injuries resulted from the risks of his employment which in law he assumed.

The facts essential to a disposition of the appeal and supported by the testimony are, in substance, as follows: Due to a derailment on appellant's line of railway in the city of Denison, it became necessary to remove two rails from a "coach" track and place them temporarily in the main line where the derailment occurred. A rail weighing between 500 and 600 pounds had been taken from the "coach" track for such purpose. Appellant's foreman, who was in charge of and directing the work, instructed appellee and three other colaborers to lift the rail and transport it to and place it upon a push car about 60 feet distant in order that same might in turn be conveyed to the main track and substituted for a rail damaged by the derailment. When the order was given appellee remonstrated, saying: "These rails are too heavy for us four men, Cap." The foreman replied: "Load the rails boys; I am in a hurry to put them in the main line." Whereupon appellee and his colaborers undertook to lift the rail for the purpose directed, and in the attempt appellee was injured as claimed, and concerning which no dispute arises on this appeal. Appellee knew when he attempted to lift the rail that the number of men was inadequate in view of the weight of the rail. The reason he attempted it, in his own words, is because the foreman looked like he was in a

";stretch," meaning, we assume, under strain or hurry to complete the work. The work was improperly attempted with four men, but there was a method by which four men could have safely performed the same, had the foreman instructed them in that particular, which he negligently failed to do.

There was jury trial and verdict upon special issues, whereby the jury found that six men were necessary to handle the rail in the manner in which it was handled, and that appellant failed to exercise ordinary care to secure such number; that appellee knew that four men were insufficient to perform the work, and that the proximate cause of appellee's injuries was appellant's failure to furnish sufficient men to do the work, but that the work could have been safely done by four men with proper instructions from the foreman. The jury also found that there was an immediate necessity for the use of said rails in the main line, and that appellee would not have undertaken to load same on the push car if appellant's foreman had not informed him of such necessity, and that appellee did not assume the risk of the improper instruction of appellant's foreman. Upon the findings, the substance of which we have stated, judgment was by the court rendered for appellee, and from which judgment appellant appeals.

The error first assigned in the brief is that "the court erred in refusing to grant the motion of defendant to enter judgment in its favor on the jury's finding, and in giving judgment for plaintiff," for the reason that by the undisputed facts appellant was not liable in law. The second ground of error assigned is that "the court erred in rendering judgment in favor of plaintiff on the findings of the jury," because insufficient, conflicting, and contradictory, and because the evidence was insufficient to support such findings. In limine counsel for appellee objects to our consideration of both of these assignments. As we have said, the case was submitted to the jury upon special issues. The two assignments present the same question in a different manner, the first complaining of the refusal of the court to sustain appellant's motion after verdict to enter judgment for it, and the second complaining that the special verdict and the evidence were insufficient to sustain the judgment entered for appellee. While these identical matters were set out in the motion for new trial as grounds therefor, the error assigned is the action of the court before filing of the motion, and not the action of the court on the motion itself, which is the objection urged by appellee. This question of practice thus raised, while subject to the criticism of being technical, is a well-settled rule. Scott v. Farmers' & Merchants' Nat. Bank, 66 S. W. 485; Weinstein v. Acme Steam Laundry, 166 S. W. 126. In the first case cited the court holds that,

"when a case has been submitted to a jury on special issues, and the findings of the jury entitle the plaintiff to a judgment, and the trial court overrules a motion to set aside the verdict but the defendant does not, on appeal, assign as error the action of the court in overruling the motion for a new trial," he cannot complain of the judgment against him on the ground that certain findings of the jury are not supported by testimony. The assignments which are objected to do not, as we have said, complain of the action of the court in overruling the motion for a new trial, but complain of the action of the court in entering judgment for appellee; the ground assigned being the insufficiency of the testimony thus coming within the rule stated. While the second assignment urged also asserts that the judgment should not have been entered, for the reason that the answers of the jury to the special issues were conflicting and contradictory, an examination of the findings discloses that, if such conflict and contradiction exists, it is due to a lack of testimony to support same, and not to any conflict or contradiction inherent in the answers, and which fact would yet bring them within the rule.

[1] The third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, and thirteenth assignments bring into review portions of the court's general charge, or the action of the court in giving or refusing to give certain special charges. Counsel for appellee objects to a consideration of these assignments on the ground that the objections to such charges are not shown to have been preserved by bill of exceptions in compliance with the amendment to the practice acts enacted at the regular session of the Thirty-Third Legislature. The record supports the claim, and, since we are without discretion in the matter, the objections will be sustained, and the assignments overruled.

Finding no reversible error in the record, the judgment is affirmed.

### On Rehearing.

[2] On consideration of this case originally we refused, upon objection by appellee, to consider all assignments of error presented by appellant, because not in compliance with the rules, and affirmed the judgment of the trial court without considering the merits of the issues presented by the assignments. Upon reconsideration we conclude we were in error in that respect, so far as relates to the first and second assignments of error. We based our refusal to consider those assignments on the holding in the case of Scott v. Farmers' & Merchants' Nat. Bank, 66 S. W. 485, that, "when a case has been submitted to a jury on special issues, and the findings of the jury entitle the plaintiff to a judgment, and the trial court overrules a motion to set aside the verdict, but the defendant does

not, on appeal, assign as error the action of the court in overruling the motion for a new trial," the appellant cannot complain of the judgment on the ground that the findings of the jury are not supported by the testimony. The appellant in this case, by its first and second assignments of error, did just what the rule stated prohibits; that is, complained that, while the findings of the jury entitled appellee to a judgment, yet the testimony was insufficient to support same. Stated in another way, the jury found all special issues favorably to appellee. Appellee moved for judgment on the jury's findings, as did appellant. The court followed the rule announced in the Scott Case, and entered judgment for appellee without reference to whether or not the findings were supported by the evidence, leaving it for appellant to move to set aside the verdict thereafter on the ground that the evidence was insufficient to support the same. Appellant did file a motion for a new trial setting out therein that a new trial should be granted and the verdict set aside for the reasons contained in his motion for judgment; that is, that the evidence would not sustain the finding of the jury. But, as stated in our original opinion, the error assigned in the brief, and which we were asked to review, was the action of the court in entering judgment for appellee, and not his action in overruling appellant's motion for a new trial. Hence the case presented came clearly within the rule in the Scott Case, and it only remained for us to observe it. We now find no fault with that rule, and are not to be understood as criticizing its correctness or its applicability to the issues at the time the opinion was written. What we now conclude is that we overlooked the effect upon the rule announced in the Scott Case of the amendment of article 1612 of the Revised Statutes of 1911, passed at the regular session of the Thirty-Third Legislature, and effective April 14, 1913, prior to the time of the trial of this cause. Article 1612, R. S. 1911, provided that the party appealing should in all cases file with the clerk of the court below "assignments of error, distinctly specifying the grounds on which he relies, * * * all errors not distinctly specified are waived." The amended article provides "that where a motion for a new trial has been filed that the assignments therein shall constitute the assignments of error and need not be repeated by the filing of the assignments of error," etc. Gen. Laws Reg. Sess. 33d Leg. p. 276; article 1612, Vernon's Sayles' Civ. Stats. 1914. Thus by statute, when motion for new trial is filed in the court below, whether the verdict is general or upon special issues, the assignments contained therein or the grounds upon which the new trial is sought "shall constitute the assignments of error in this court." As said, appellant did file a motion for new trial in the court below, and incorporated in its brief literally the assignments therein for our consideration as article 1612 directs shall be done, and which we declined to do upon objection by appellee. Our action in that respect, we believe, was erroneous. The declared purpose of the Legislature in amending article 1612 was to abolish the rule prevailing at that time of repeating the grounds of error set out in the motion for new trial in independent assignments of error, together with any rule of decision evolved as the result of the old statute. It would be idle to argue that a litigant could in his motion for new trial complain that the court overruled it, and yet that is what would now be necessary in an attempt to observe the provisions of the amended statute and the rule in the Scott Case arising from the old statute. Appellant did complain of the verdict, and did move the trial judge to set it aside, which he refused to do. Even had appellant observed the old rule and filed independent assignments, which he was not required to do, the precise grounds would have been urged that are now urged, with the difference that the formal statement would have been made in such independent assignments that the court erred in overruling the motion for new trial for the reasons stated in such motion for new trial, and this technical requirement was perhaps one among the reasons inducing the amendment. The provisions of article 1612, as amended, are so plain that much cannot be said on the subject other than that it means what it says. Hence we conclude that under its terms, when the party appealing files a motion for new trial, and one of the reasons urged therein is that the evidence will not support the finding of the jury, whether the verdict is general or upon special issues, and that contention has been overruled by the trial judge by a denial of the motion presenting it, the action of the judge may be reviewed in this court by a presentation of the question in the identical manner in which it was presented in the court below, and that all statutory rules governing special verdicts and the decisions construing same must yield to the terms of article 1612, as amended.

[3] This then brings us to a consideration of the first and second assignments of error upon the merits of the issue thereby presented. As stated in our original opinion, both assignments, in effect, present the issue of whether or not the evidence was sufficient to sustain the several findings of the jury detailed in said original opinion and upon which the court based its judgment. In such connection it is proper to note now, since we failed to do so originally, that it is conceded by counsel for appellee that he was engaged in interstate commerce at the time he was injured, and that hence the common-law rule of assumed risk applies. Proceeding, then, on that premise, we conclude upon the controlling issue that the evidence was insufficient to sustain the judgment and verdict.

The findings of fact speak for themselves, but the fact upon which the case necessarily pivots is: Was that which proximately caused appellee's injuries a risk assumed by him under the common-law rule? The appellee testified that he remonstrated with appellant's foreman when directed to move the rail on the ground that it was too heavy for four men, and the jury found, as a consequence, that appellee knew that four men were insufficient to perform the work as directed. That such facts and findings present a case squarely within the rule which holds that, when the servant knows, or by the exercise of ordinary care for his own safety could have known, of the danger of continuing to labor for the master without a sufficient number of competent and careful co-servants, he assumes the risks from such negligent failure of the master. Haywood v. Railway Co., 38 Tex. Civ. App. 101, 85 S. W. 433; Railway Co. v. Miller, 36 Tex. Civ. App. 240, 81 S. W. 535; Railway Co. v. De Rodriguez, 77 S. W. 420; Railway Co. v. Figures, 40 Tex. Civ. App. 255, 89 S. W. 780; Railway Co. v. Lemon, 83 Tex. 143, 18 S. W. 331. Nor is it any limitation on the rule that the master assures the servant that there really is no danger, or that the master also knew of the danger, or that the danger could have been averted by the master by directing the work to be performed in another method. The controlling fact remains that the servant in such cases comprehends fully that it is dangerous for him to attempt the task in the manner directed.

It is also urged by appellee that he was obeying orders of the master in an emergency, which would, aside from all other issues, fix liability upon appellant. Generally speaking, an emergency is a condition arising suddenly or unexpectedly, and which calls for immediate action without giving time for the deliberate exercise of judgment. The evidence here does not present a case within such definition. After appellee, in the exercise of his deliberate judgment and knowledge, had remonstrated against the task assigned him, he was told by the foreman to "load the rails, boys; I am in a hurry to put them in the main line." The last order was, of course, no more than a repetition of the first, and is insufficient to establish an emergency.

The case, as we have indicated, stands or falls upon appellee's knowledge of the danger of that which he undertook to do; and since he frankly admits he knew it was dangerous, and since that fact is controlling, we feel that no liability exists against appellant.

Accordingly, the motion for rehearing is granted, and our former order affirming the judgment is set aside, and the judgment of the trial court is reversed, and judgment here rendered for appellant.

Reversed and rendered.

### On Rehearing by Appellee.

[4] Counsel for appellee request us to find certain facts, some of which are supported by the evidence, and which are by appellee considered material. In compliance with the request we find: (1) That just before undertaking to lift and load the rail that injured appellee appellant's foreman dispatched a fifth employé who had been assisting in the work on other business, and, as stated in our original opinion, appellee attempted the work with the remaining four men; (2) that, in addition to telling the employés to "load the rail, boys; I am in a hurry to put them in the main line," as stated in our original opinion, the foreman also said, in effect, that after the rail was loaded, "he would not be so particular." The other requested findings upon examination will be found in our original opinion either in our statement of the case or our statement of the findings of the jury, save the one that "appellee did not understand and appreciate the danger of loading the rails" in the manner directed. Our conclusion in that respect is that appellee did understand and appreciate the danger of loading the rails in the manner directed. Such was also the effect of the finding of the jury when they declared, in answer to a special issue, that appellee knew that four men were insufficient in number to handle the rail in the manner directed.

[5] It is earnestly insisted by able counsel that when appellant's foreman, in effect, promised to furnish a sufficient number of men with which to do similar work after the rail which injured appellee had been loaded, a new contract was created whereby appellant assumed the risk incident to the immediate engagement, and cites in support of the contention the rule, announced in many cases, that the effect of a promise by the master to repair or restore instrumentalities with which the servant is engaged in the discharge of his duties, when relied upon by the servant, creates another and different contract whereby the master assumes the risk pending repair or restoration. We conclude, however, that the rule stated has no application to the facts in the instant case. Such conclusion is reached for the reason that the promise was not to relieve the existing condition, but rather a promise not to subject appellee to a like danger in the future if he would take the hazard of the one in which he was then engaged.

We recognize, as urged by appellee, that the evidence supports the finding of the jury that he was seriously injured, and that the verdict, measured by his injuries, is small. At the same time, such facts are without force in view of the rules of law invoked by appellant, and which it is its right to have applied.

Accordingly we conclude that the case has been correctly disposed of, and the appellee's motion for rehearing is overruled.