### LLOYDS CASUALTY CO. et al. v. BUCKNER.
### No. 9737.

Court of Civil Appeals of Texas. Galveston.

Dec. 22, 1932.

Rehearing Denied Feb. 9, 1933.

Ressel & Ressel, of Galveston, for appellants Lloyds Casualty Co. et al.

Frank S. Anderson, of Galveston, for appellants Georgia Casualty Co. et al.

Randolph L. Carter and Carter & Lewis, all of San Antonio, and James B. & Charles J. Stubbs, of Galveston, for appellee.

PLEASANTS, C. J.

This is a suit by appellee against appellants to recover damages for personal injuries alleged to have been caused by the joint or combined negligence of appellants Catherine Giusti and Roland Somers, in the operation upon the public streets of Galveston of automobiles owned and operated by said defendants respectively. The appellant Lloyds Casualty Company was made a party defendant as insurer for appellee's benefit against any injury caused by the operation of the automobile operated by the defendant Mrs. Catherine Giusti and owned by her and her husband, A. L. Giusti, who was also made a party defendant. The appellant Georgia Casualty Company was made a party upon allegations charging it with liability to appellee under a contract of insurance issued by it to the defendant Somers upon the automobile owned and operated by him.

No question is raised on the appeal as to the liability of the respective insurance companies for the damages caused by the operation of the cars covered by their respective policies of insurance.

By her pleading, appellee, Bessie Buckner (plaintiff in the court below), alleged that the collision in which she was injured was between a Chevrolet automobile, owned and driven by Roland Somers, and a Packard automobile, owned by Catherine Giusti and her husband, A. L. Giusti, and driven at the time by Mrs. Catherine Giusti. Bessie Buckner was riding in the automobile driven by Somers.

Appellee alleged acts of negligence against both Somers and Mrs. Giusti as follows: (a) Driving at an excessive rate of speed over 20 miles an hour; (b) driving at such an excessive rate of speed as to endanger plaintiff's life and limb; (c) attempting to pass each other without slowing down; (d) failure to keep a proper lookout ahead; (e) failure to sound their horns or give any other signal; (f) discovered peril.

(a), (b), (c), (d), and (e) above were also alleged to be in violation of state laws and Galveston city ordinances.

Separate allegations were made charging Mrs. Catherine Giusti with negligence in driving on the wrong side of the street and in attempting to change the course of her automobile without first seeing that there was sufficient room for such movement to be made in safety.

The injuries sustained by appellee are set out in detail in her petition, and, as alleged, were serious and some of them permanent.

The amount of damages claimed in the petition against the defendants Giusti and Somers is $51,000. The petition alleges that the liability of the defendant Georgia Casualty Company under its insurance policy is $10,000, and that of Lloyds Casualty Company is $5,000.

Appellants Lloyds Casualty Company and Catherine and A. L. Giusti answered by general demurrer, special exceptions, general denial, and a plea of contributory negligence.

The special exceptions were overruled by the court, but by written stipulation filed of record the relief sought for medical expenses was withdrawn, and the exceptions and the ruling of the court on the special exceptions waived.

Appellant Georgia Casualty Company answered by a general and a special exception and a general denial. Appellant Roland Somers answered by a general exception and a general denial. These demurrers and exceptions were not presented to the court or pass-

ed upon. Neither set of appellants filed any pleadings against the other or sought any relief, by way of contribution or otherwise, against the other.

The case was submitted to a jury in the court below upon numerous special issues. In response to the issues submitted, the jury found that plaintiff's injuries were caused by a collision between a Packard automobile driven by Mrs. Giusti and a Chevrolet automobile driven by Roland Somers, and such collision was directly and proximately caused by the concurring negligence of Mrs. Giusti and Roland Somers; that at the time of the collision Mrs. Giusti was negligently operating her automobile on the wrong side of the street, and this negligence proximately contributed to cause plaintiff's injuries; that at the time and place of collision Roland Somers was negligently operating his automobile at an excessive rate of speed and in violation of the laws of the state and the ordinances of the city of Galveston, and such negligence proximately contributed to cause plaintiff's injuries; that Mrs. Giusti and Roland Somers, at the time of the collision, were both negligently driving their respective automobiles at an excessive rate of speed, such rate being in excess of 20 miles an hour, in violation of the state law and the ordinances of the city of Galveston, and such negligence proximately contributed to cause plaintiff's injuries; that Mrs. Giusti and Roland Somers each negligently failed to slow their respective automobiles to a speed of 20 miles per hour when attempting to pass each other at the time and place of the collision, and such negligence of each of the defendants proximately contributed to cause plaintiff's injuries; that each of said defendants at the time and place of the collision negligently failed to sound the horn of their respective automobiles, and such negligence of each of these defendants proximately contributed to plaintiff's injuries; that Mrs. Giusti at the time of the collision negligently failed to change the course of her automobile, and such negligence proximately contributed to cause plaintiff's injuries; that the defendant Roland Somers negligently failed to change the course of his automobile at the time and place of the accident, and such negligence proximately contributed to cause plaintiff's injuries; that each of said defendants discovered plaintiff's peril before the collision in time to have avoided the collision, and negligently failed to use all the means at their respective command to prevent plaintiff's injury, and such negligence proximately caused plaintiff's injuries.

The jury further found that the damages suffered by plaintiff amounted to the sum of $10,000. Upon return of this verdict, judgment was rendered in favor of appellee against all of the defendants, jointly and severally, for the amount found by the jury, except the defendant Lloyds Casualty Company, which was adjudged liable only to the extent of $5,000.

The defendants Giusti and Lloyds Casualty Company and the defendants Georgia Casualty Company and Roland Somers prosecute separate appeals, and have filed separate briefs in this court complaining of the judgment.

The judgment is first assailed on the ground that the trial court erred in refusing an application for continuance presented by appellants Lloyds Casualty Company and A. L. Giusti and wife.

The record discloses that this motion for continuance was based on the ground of the absence from the court of John York, a witness for the applicants. The application sets out, in substance, that this witness was an enlisted man in the Aviation Corps of the United States Army stationed at Ft. Crockett, Tex., and was an "expert in observing distance and speed"; that he saw the collision, and would have testified that he saw Roland Somers' Chevrolet going at a speed of 28 to 35 miles an hour, moving west on the south half of the street (Avenue T); that Mrs. Giusti was driving about 5 miles an hour; that the collision took place on the south half of Avenue T about 18 feet northwest of the west of the Silver Bell Restaurant.

The application stated that "the testimony of said witness is necessary and material to show the carelessness and negligence of the defendant, Roland Somers, who was driving the Chevrolet car on the left-hand side or wrong side of Avenue T"; that John York was subpœnaed and had been present at a previous call of the case on March 5, 1931; that another subpœna had been issued on April 22, 1931, and placed in the hands of the sheriff, together with a dollar; that the witness was not found after diligent search; and that applicants believed that the "witness is confined in the Military Hospital at Fort Sam Houston, Texas, and is unable to be present at the present term of court; that the testimony of said witness cannot be procured from any other source."

The application stated that "this is the third application of the defendants for a continuance of this cause."

It was signed by Mrs. Catherine Giusti and Lloyds Casualty Company by Walter E. Ressel. Georgia Casualty Company and Roland Somers were not parties to the application, and did not sign it.

The application did not show that applicants expected to procure the testimony of the absent witness at the next term of court or within a reasonable time.

It is manifest from the foregoing statement that there is no merit in the complaint of ap-

pellants Somers and Georgia Casualty Company of the ruling of the trial court refusing the application for continuance. The application was not made by them, nor for their benefit. On the contrary, the testimony expected to be obtained from the absent witness, as stated in the application, was adverse and opposed to the interests of these defendants, and they would have stultified themselves by joining in the application.

Upon this state of the record no complaint of these appellants of error in refusing the application for continuance can be entertained by this court.

■ The complaint of the other appellants of the refusal to grant the continuance is also, we think, without merit.

The application, as shown upon its face, was the third application for a continuance, and its granting or refusal was within the sound discretion of the trial court, and the record does not show an abuse of this discretion.

The facts upon the issue of due diligence as disclosed by the record were not such as to compel a finding by the trial court that appellants had used such diligence to obtain the testimony of the absent witness. The application fails to state when, if ever, the applicants expected to obtain the testimony of the absent witness, and the allegation in the application that the testimony of the absent witness "could not be procured from any other source" was shown to be untrue by a witness for the appellants, who testified on the trial to the identical facts which the application states would be testified to by the absent witness. Oilmen's Reciprocal Association v. Hayes (Tex. Civ. App.) 295 S. W. 675, 678.

In the case just cited, the application failed to state that the desired testimony could not be procured from any other source, as required by article 2168, Revised Civil Statutes 1925; nor did it state that the applicant expected to have the witness or his testimony at the next term of the court. After holding that the failure of the application to state the applicant expected to have the witness or his testimony at the next term of the court authorized its refusal by the trial court, the opinion says: "Furthermore, the motion was correctly denied because it was a second application for continuance and for a witness that at the time was in Europe. * * * Another eye specialist * * * testified to practically all and the identical facts that it was proposed to prove by Dr. Israel, the absent witness. So that Dr. Israel's evidence, if he had been present and testified as set out in the application, would have been merely cumulative, and where the application is addressed, as it is here, to the discretion of the court, it is not error to refuse a continuance for testimony merely cumulative."

We are cited to no contrary decision of this question.

■ Both appellants next complain in their respective briefs of the action of the court in submitting to the jury the question of the amounts of the insurance policies issued by the respective insurance companies, defendants in the suit, covering the respective cases of the defendants, and then instructing the jury to answer these questions by finding that the policy issued by the Lloyds Company upon the Giusti car was for $5,000, and that issued by the Georgia Casualty Company upon the Somers' car was for $10,000.

The pleading of the plaintiff and the uncontradicted evidence show that these policies were issued in the respective amounts as stated in the charge to the jury. It was wholly unnecessary for the court to submit the questions to the jury and require a verdict thereon, since there was no issue of fact as to the amounts of these respective policies, or their issuance by defendant insurance companies, respectively. The only effect of such proceeding was to unnecessarily incumber the record, and this is true in respect to at least one-half of the sixty-eight issues submitted to the jury. We cannot, however, agree with appellants that this unnecessary proceeding could have had any harmful effect in the determination by the jury of the issues of negligence submitted to them, nor the amount of damages found by the jury. The jury must necessarily have known from the pleading and evidence that these insurance policies had been issued and the amount of each policy, and we cannot believe that the action of the court in instructing the jury to find the amount of these policies could have improperly influenced the jury upon any issue in the case. Especially is this true since appellants do not complain of excessiveness in the amount of damages found by the jury, and the verdict of the jury upon this issue is amply sustained by the evidence.

The facts of this case easily distinguish it from the cases of Simmonds v. Railway Company (Tex. Com. App.) 29 S.W.(2d) 989, and Thompson Drug Company v. Latham (Tex. Civ. App.) 19 S.W.(2d) 825, cited and relied on by appellants. In neither of these cited cases was the insurance company a party to the suit under allegations of plaintiff's petition charging such company with liability for the damages caused by his injury in the alleged amount of the policy issued by it, and in neither of the cases did the uncontradicted evidence admitted without objection show the amount of the policy. In the case before us, the court by its instructions to the jury did not give them information of any facts which the jury did not necessarily know from the pleading and the undisputed evidence before them. Nothing was injected into the case by the court's instructions which was foreign to the pleadings and evidence. The

contention of appellants that the court's action in effect impressed the jury with the idea that they should use as a test for the amount of the damages awarded by them the highest amount "they could give plaintiff without loss to the principal defendants" is, we think, an unreasonable reflection upon the intelligence and integrity of the jury.

As we have before said, the amount of damages found by the jury is amply sustained by the evidence, and we should not upon this record look beyond the evidence for some improper motive on the part of the jury in making such finding.

While it seems to us, as before said, that it is never necessary or proper for the court to submit and direct the jury what to find upon undisputed issues of fact, such proceeding has been held unobjectionable by our Commission of Appeals in the case of Kirby v. American State Bank, 18 S.W.(2d) 599, 63 A. L. R. 1528.

■ The appellants further complain of the action of the trial court in instructing the jury to find that the injuries sustained by the plaintiff, whatever the jury might find such injuries to be, were "directly and proximately caused by a collision between a Packard automobile driven by Mrs. A. L. Giusti and a Chevrolet automobile driven by Roland Somers."

What we have said in regard to the action of the court in instructing the jury to find the amounts of the respective insurance policies issued by the defendant insurance companies applies with equal force to this complaint. Under the uncontroverted evidence in the case, no other finding could have been rendered by the jury than that directed by the court. It was wholly unnecessary for the court to incumber the record with these perfunctory findings by the jury, since an appellate court in support of the judgment would find all necessary facts shown by the uncontroverted evidence. But this method of having the jury find such facts could not possibly have harmed appellants, and, as before shown, has been expressly held unobjectionable in the case of Kirby v. American State Bank, supra.

■ None of the remaining assignments of error copied in the back of the briefs of appellants Somers and Georgia Casualty Company is presented in the brief as, or by, a proposition, and no statement from the record in support of any of them is contained in the brief.

As so presented, we are not required to consider these remaining assignments.

■ The appellants Giusti and Lloyds Casualty Company further complain of the ruling of the trial court in refusing to permit them to introduce the testimony of their witness, Walter Meyer, a policeman of the city of Galveston, by which, as stated in their bill of exceptions, these defendants "believe and had reason to believe that he (the witness) would have testified that Somers and Baezner were very drunk at the time this witness examined them within ten minutes after the accident. That Walter Meyer told these defendants he would testify that the said Somers and Baezner were very drunk."

The bill of exceptions contains a statement of the question asked the witness who was placed upon the stand, the objection to the question made by the attorney for appellant Somers, which was sustained by the court, several statements by the court and counsel for the other appellants, and a somewhat lengthy argument by counsel for appellants Giusti and Lloyds Casualty Company. It wholly fails to state what, if any, act or statement of Somers or Baezner was the basis of the alleged conclusion of the witness policeman that they were very drunk. This witness was certainly not an expert in determining the cause of the mental condition of these witnesses for appellants Somers and Georgia Casualty Company. The record discloses that this observation by Meyer of the witnesses above named was while they were on the emergency operating table undergoing emergency treatment for the injuries received by them in the collision which caused plaintiff's injury. In the absence of the statement by the nonexpert witness of any of the facts upon which his conclusion that their mental condition was due to drunkenness, such a conclusion on the part of the witness would have been inadmissible.

We cannot, upon the facts shown by this bill of exceptions, hold that the trial court erred in excluding the offered testimony of the witness Meyer.

This disposes of what we regard as the material questions presented by the briefs of appellants. It is unnecessary to set out or discuss the other propositions presented, since in our opinion each and all of them are without merit and cannot be sustained.

It follows that the judgment should be affirmed, and it has been so ordered.

Affirmed.