## ROBERTSON v. TEXAS & N. O. R. CO.
### No. 12776.

Court of Civil Appeals of Texas. Dallas.
Oct. 28, 1939.

Rehearing Denied Nov. 25, 1939.

White & Yarborough, of Dallas, for appellant.

Baker, Botts, Andrew & Wharton, of Houston, and Robertson, Leachman, Payne, Gardere & Lancaster and Gus M. Hodges, all of Dallas, for appellee.

820

YOUNG, Justice.

Appellant's suit in the trial court was for injuries—a hernia—sustained by him while in the service of appellee Railroad Company as a section hand at Miller's Switch, Dallas County; the particular work in which he was engaged on said August 12, 1937, being the lifting of certain iron rails in concert with three fellow employes, by use of a lining bar. Upon a trial to a jury and return of verdict on submitted issues (appellee's motion for peremptory instruction being denied), both parties filed motions for judgment, appellee's motion being non obstante veredicto. After due notice and hearing, appellant's motion was overruled, that of appellee was sustained, and judgment entered accordingly. Plaintiff, Hartho H. Robertson, has consequently prosecuted his appeal to this Court. The allegations of plaintiff's trial pleading are indicated in the issues submitted to the jury, which fact issues and the jury's answers thereto may be briefly summarized: (1) That at the time and on the occasion in question, plaintiff was undertaking to lift railroad rails by the use of a bar; (2) that when plaintiff was using such bar, he was working under the immediate direction and control of defendant's foreman; (3) that he sustained injuries while attempting to lift such railroad rails; (4) that, at the time, plaintiff was inexperienced in the kind and character of work he was doing; (5) defendant, through its foreman on said occasion, failed to furnish a sufficient number of men to do the particular work; (6) that such failure constituted negligence and a proximate cause of plaintiff's injuries; (7) that at the time, defendant's foreman ordered and directed only four men, including plaintiff, to lift the iron rails, such being negligence and a proximate cause of the injuries to plaintiff; (8) defendant's foreman failed to warn plaintiff of any danger involved in the work in question, such being negligence and a proximate cause, etc; (9) said injuries to plaintiff were not the result of an unavoidable accident; (10) that plaintiff did not know of the risk, if any, in the work he was engaged in performing; (11) plaintiff did not have equal knowledge with defendant's foreman with reference to the risk, if any, in the work he was engaged in performing; (12) that such risk was not readily apparent, nor one normally incident to plaintiff's occupation as a section hand; (13) that plaintiff did not have equal means of knowledge with defendant's foreman as to the weight he was undertaking to lift; (14) that plaintiff did not fail to exercise ordinary care for his own safety in the manner in which he undertook to lift the rails; (15) that plaintiff's proportion of negligence on the occasion of his injuries was none, the defendant's proportion thereof being 100 per cent; and damages were fixed in the sum of $3,500. Another issue found that the track upon which plaintiff was working at the time was used in interstate commerce. The defendant alleged, among other things, that it was a common carrier, engaged in interstate commerce, and that plaintiff, at the time, was himself actually engaged in interstate commerce; furthermore, that plaintiff had assumed the risk of the injury complained of.

There was testimony that plaintiff's work was on the main line of defendant's railroad, over which, as a substantial part of the traffic, were carried freight and passengers to and from points outside the State of Texas. Plaintiff, Hartho H. Robertson, testified, in effect, that he was twenty-four years of age, and had worked for defendant as a section hand from January to the date of his injury. Prior to this, he had worked on a farm, chopping cotton, plowing, among other things; had driven a truck—cut and split cord wood, sawed blocks; had carried wood, loading it in a wagon, and hauling same to town; had regularly pitched baseball; that he had done hard work ever since he was big enough; had lifted wood, brick and planks, and "buster" plows; and had engaged in construction work at the Dallas Centennial, shoveling concrete. On the particular occasion, plaintiff testified that he was on the main track of the railroad, with its two lines of rails running along. Where he was lifting, there were five rails fastened together on each side; that each rail was 33 feet in length, and that he knew the weight of each rail to be 990 pounds. He was engaged in pushing the end of his lining bar under the rail and lifting on it, at the word of the foreman; that when he did so, it was too much weight and "I could not hold it up and I went down with the bar"; and that the rails were spiked onto the cross-ties. He further stated that while he was lifting the rail, he could feel a bulge-out in his abdomen, it being like a blow inside of him, and it pushed out; that in lifting, he went down on the ground with the bar and raised up on it; that he just stuck his bar

under the rail and lifted up; a lining bar being similar to a crowbar, except straight. As to the rail, plaintiff testified by deposition:

"Q. How far over in all were you moving it? A. I never measured it. I don't know.

"Q. A foot or six inches? A. I don't know. We moved it until the section foreman told us it was enough. That's all I know.

"Q. About how many lifts did you make on it? A. Never counted them."

■ It is not disputed that plaintiff's employment was on defendant's said main line, which line was being put to use in interstate commerce. Defendant was a common carrier, operating between states. That such facts bring this case within the purview of the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59, and renders available the common law defense of assumed risk, is well settled; there being nothing in this record to indicate any violation of said act whereby defendant would be deprived of such defensive issue. 45 U.S.C.A. §§ 51–59; Pederson v. Delaware L. & W. Railroad Co., 229 U.S. 146, 33 S.Ct. 648, 57 L.Ed 1125, Ann.Cas. 1914C, 153; Gulf C. & S. F. R. Co. v. Spivey, Tex.Civ.App., Austin, 56 S.W.2d 655; certiorari denied, 290 U.S. 676, 54 S.Ct. 98, 78 L.Ed. 583; Pisano v. Texas & N. O. R. Co., Tex.Civ.App., Gal., 112 S.W. 2d 316.

■ In relevant propositions, appellant strenuously contends that issues of fact were raised by the testimony, as submitted in the court's charge; and, under the jury's answers thereto, plaintiff should have had judgment in the amount fixed in their verdict. On the other hand, the trial court in its rendition for defendant, non obstante veredicto, evidently concluded that the facts herein, when clarified, simply made applicable the well-recognized rule that a man is the best judge of his own strength and assumes the risk of injury from over-exerting himself in lifting. The principle of law contended for by defendant as decisive of the instant case, has been followed from an early date by the Texas courts, that "A servant assumes the risk of physical injury to himself, sustained by reason of his overtaxing his strength or powers of endurance in doing the work for which he is employed, when the occasion presents no emergency requiring hasty ac-

tion". 39 C.J. (Master and Servant) p. 766, Sec. 965. See, also, Stenvog v. Minnesota Transfer R. Co., 108 Minn. 199, 121 N.W. 903, 25 L.R.A.,N.S., 362, 17 Ann. Cas. 240. As pointed out in the L.R.A. Annotations to the case last cited, it is only fact situations that involve lifting or over-exertion that fall within the rule; for which reason, appellant's principal authority of Panhandle & S. F. R. Co. v. Brooks, Tex.Civ.App., Amarillo, 199 S.W. 665; Id., Tex.Com.App., 222 S.W. 186, has no particular application. In the Brooks case, supra, injury did not result from lifting or over-exertion, but from the sudden dropping of a bridge timber over a drain box, onto the plaintiff, throwing its weight on him with a jerk before he had time to turn loose; the affirmance thereof by the Commission of Appeals turning on sufficiency of pleading upon special exception and the validity of a contract limiting liability. The Supreme Court approved only the judgment recommended by the Commission. Notwithstanding the jury findings that plaintiff was inexperienced in the particular work, the danger incident thereto not being apparent or known to him, yet we are of the opinion that Robertson's own statement of the transaction surrounding the alleged injury precludes a recovery. The situation was as plainly observable to plaintiff as to anyone present, including defendant's foreman. All other physical conditions were equally apparent to him. The weight of the rails only was material. This he knew; also that he was undertaking, in conjunction with three others, to lift or move by the use of a bar, five such rails, of the same size and hooked together. The injuries resulting to plaintiff from lifting or over-exertion are classified as "strain cases", where in the consequence of over-taxing one's strength are ordinarily assumed by the complaining party as a matter of law. The Supreme Court of Montana, in Matson v. Hines, 63 Mont. 214, 207 P. 474, 475, states the general rule cumulative to the principle already announced from 39 C.J. p. 766, "* * * that the lifting of a heavy object involves no peril that is not obvious to any person of common understanding. The employee is the best judge of his own lifting capacity, and the risk is upon him if he over-taxes it. An employee, who undertakes to lift, or assist in lifting, a heavy object, knowing its weight and condition, assumes the risk of the injury due to the task being too

great for his strength, and, in case injury results, he is not entitled to recover damages from his employer". Our State decisions are in accord where the facts make applicable the above rule; and, as already pointed out, the cases relied on by appellant are dissimilar, involving, for the most part, injuries from other definite causes, for example, obstructions. As illustrative of the recognition given the quoted rule by our own jurisdiction, see International & G. N. R. Co. v. Figures, 40 Tex.Civ.App. 255, 89 S.W. 780, 781, where the injured party (Figures), being familiar from experience with the matter of handling and lifting metal, saw the iron bolster near the scrap iron he was assisting to load, but did not know its weight. The bolster really weighed 575 pounds, and the foreman over Figures testified that the object was heavy and dangerous; that one man had been hurt with it, but directed its loading into the car by plaintiff and another. Judge Reese, for the Galveston Court, in discussing the facts, said it was true that Long, the foreman, had testified of the bolster being dangerous, and that one man had been hurt with it, but the unavoidable inference from such testimony was "that the danger lay in its weight, and not in any occult properties of the piece of iron peculiarly within his knowledge. This was a matter as fully within the observation of appellee as of Long, especially in view of his testimony that he was familiar from experience with the matter of handling and lifting iron. Indeed, whatever danger, if any, there might have been in two men attempting to lift and load this bolster into the car, was a matter so open to common observation as to be necessarily perceivable by any man of ordinary understanding. But even if appellee did not know, and by the use of ordinary care could not have discovered before taking hold of the bolster, whatever danger there was, if any, in two men undertaking to lift and load it into the car, certainly he had but to take hold of it, preparatory to lifting it, to discover, as fully as could have been known to Long, whether he and Caldwell could handle it with safety. In undertaking, with the assistance of Caldwell alone, to lift and load the bolster into the car, appellee must be held to have assumed the risk of whatever danger there was in doing so on account of the weight of the piece." See the recent case of Fort Worth & D. C. Ry. Co. v. Doty, Tex. Civ.App., Fort Worth, 64 S.W.2d 796 (Sup.

Ct. adopted) 95 S.W.2d 104, where the reasoning of Judge Hickman is to the same effect. Despite the great volume of testimony in the record on behalf of appellant, and generously quoted in his brief, the relevant facts of this case are not complicated, and, in our opinion, the law controlling them is specific and well settled. Such facts are that plaintiff, while using a simple tool, a lining bar, by inserting one end under the rail of an ordinary railroad track, and lifting on the other end, overexerted his strength and sustained a hernia. There was no emergency, no falling, no unknown factor, as we view it; just an ordinary tool, the usual railroad, and a man used to physical labor and lifting. Hartho Robertson had worked as a section hand on the railroad for some eight or nine months prior thereto. He had long engaged in various kinds of manual labor, involving physical exertion. His activity on the occasion of his injury was a simple one, i. e., the application of physical strength by leverage upon a heavy object, with the weight and construction of which he was familiar. The general testimony of plaintiff that he had never attempted to do this particular job and that he was inexperienced in railroad work, cannot obscure the fact that there was involved only the physical factor of exerting his strength; and that, in the situation thus presented, he must have assumed the risk of overtaxing it. Texas & P. Ry. Co. v. Miller, 36 Tex.Civ.App. 240, 81 S.W. 535; Parish v. Missouri K. & T. Ry. Co., Tex.Civ.App., 76 S.W. 234; Ehrenberger v. Chicago, R. I. & P. Ry. Co., 182 Iowa 1339, 166 N.W. 735, 10 A.L.R. 1388, 1399 Anno. Quite pertinent is the language of Judge Baugh, in Gulf, C. & S. F. R. Co. v. Spivey, supra, [56 S.W.2d 658], when applying the principle of law which we think is here controlling:

"After a rather exhaustive search, we have been unable to find any case, where injury resulted from the act of the employee in overtaxing his strength, and where the common-law defense of assumed risk was not denied to the employer, which does not hold that the employee, being the best if not the sole judge of his own strength, assumes the risk of resultant injury, whether external or internal."

From a careful study of this record and briefs of the parties, we believe the judgment of the trial court was correct and it is accordingly affirmed. Appellee's alternative propositions based on certain

cross assignments of error have not been considered in view of the above disposition.

Affirmed.