## LOUISIANA RY. & NAV. CO. OF TEXAS v. DISHEROON. (No. 9940.)

Court of Civil Appeals of Texas. Dallas. April 30, 1927.

Rehearing Denied June 4, 1927.

1. **Master and servant** ⟐⟹258(1)—Pleading, alleging foreman's negligence in grabbing lever of hand car and in directing plaintiff to unload ties with single helper, held sufficient.

Petition of section hand against railroad, alleging injuries were caused, respectively, by foreman's negligence in grabbing hold of lever of hand car on which plaintiff was riding and in directing and causing heavy ties to be unloaded by plaintiff and one other employee when such work could not be done with reasonable safety by two men, *held* sufficient to warrant recovery for negligence.

2. **Master and servant** ⟐⟹278(1)—Finding of foreman's negligence in operating hand car and in directing two employees to unload ties held sustained.

In action by section hand against railroad for injuries, evidence *held* sufficient to sustain jury's verdict that railroad was chargeable with negligence by reason of acts of foreman in grabbing lever of hand car on which plaintiff was riding and in directing unloading of extremely heavy ties by plaintiff and one other employee.

3. **Master and servant** ⟐⟹217(29)—Section hand, riding on hand car, did not assume risk of foreman's negligence in operating car.

In action by section hand for injuries sustained by alleged negligence of railroad's foreman in grabbing hold of lever of hand car, plaintiff, though he may have assumed risk of operating car over defective track, did not assume risk of foreman's negligent operation thereof.

4. **Master and servant** ⟐⟹217(28) — Servant, knowing master has furnished insufficient help, assumes incidental risk.

Where servant knows, or should know, that master has furnished too few servants for reasonably safe prosecution of work, servant assumes risk incident to working with insufficient assistance.

5. **Master and servant** ⟐⟹217(28)—Section hand, knowing danger, assumed risk from unloading ties with single assistant.

Section hand, whom foreman directed to unload car of heavy ties with only one assistant, assumed risk incidental to working with insufficient assistance, where he undertook work with full knowledge of dangerous situation involved.

6. **Master and servant** ⟐⟹204(1)—Doctrine of assumed risk applies to employee's injuries in interstate commerce (federal Employers' Liability Act [U. S. Comp. St. §§ 8657–8665]).

Common-law doctrine of assumed risk applies to injuries incurred in work in furtherance of interstate commerce, where such doctrine is not abrogated by federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665).

7. **Master and servant** ⟐⟹204(1)—Federal Employers' Act did not abrogate doctrine of assumed risk (U. S. Comp. St. §§ 8657–8665).

Common-law doctrine of assumed risk was not abrogated by federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) in case involving injuries to member of section crew engaged in work of furtherance of interstate commerce in railroad's employ for less than one year.

8. **Master and servant** ⟐⟹203(3)—Employee assumes risks ordinarily incident to employment, but not "extraordinary risks."

Under doctrine of assumed risk, employee assumes all risks of service in master's employ which are ordinarily incident thereto, but does not assume "extraordinary risks" caused by employer's negligent breach of duty; "extraordinary risk" being risk which might be obviated by exercise of reasonable care on employer's part.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Extraordinary Risk.]

Appeal from District Court, Collin County; F. E. Wilcox, Judge.

Suit by F. F. Disheroon against the Louisiana Railway & Navigation Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed in part, and reversed and rendered in part.

B. M. McMahan, of Greenville, Wallace Hughston, of McKinney, and Touchstone, Wight, Gormley & Price, of Dallas, for appellant.

Truett & Neathery, of McKinney, for appellee.

JONES, C. J. This is an appeal from a judgment in the district court of Collin county for the sum of $5,000. The suit was instituted by appellee, F. F. Disheroon, against appellant, Louisiana Railway & Navigation Company of Texas, to recover damages by reason of two injuries received by him while he was in appellant's employ. The first injury is alleged to have occurred in January

---

⟐⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

13, 1925, while appellee was riding on a hand car being operated by himself and other members of the section crew. This injury was to appellee's knee. The second injury was received on April 16, 1925, while appellee was in the employ of appellant and engaged, with a coemployee, in the work of unloading a car of heavy cross-ties. The jury placed the damages for the first injury at $1,000 and the damages for the second injury at $4,000.

[1] Appellee alleged that the proximate cause of the first injury was the negligence of the foreman because of his action in grabbing hold of the lever of the hand car at the time and in the manner he did, and, further, because of a defective condition of the track at the place of the injury, on account of low joints between the ends of the rails of the track. The proximate cause of the second injury was alleged to be the negligence of the foreman in directing and causing the ties to be unloaded by appellee and one other man, when such work could not be done by such force with reasonable safety to themselves. The allegations of negligence as to both injuries were full and complete and, as pleadings, sufficient to warrant the judgment rendered. Appellant's pleadings consisted of a general demurrer, general denial, and a special plea to the effect that it was engaged in interstate commerce, that appellee was employed and engaged in track work in furtherance of such commerce, and a plea of assumed risk and contributory negligence as the proximate cause of each of the said injuries, and, further, that both of said injuries resulted from unavoidable accidents.

The cause was submitted to the jury on special issues and embraced a separate submission of each of the alleged acts of negligence in reference to the first injury, and of the alleged act of negligence in reference to the second injury. As defensive matters, there was separately submitted the issues of assumed risk, contributory negligence, and unavoidable accident as to each of the alleged injuries. There was no exception urged to the manner and form in which these respective issues were submitted. Objection to the submission of each issue of appellant's negligence was made on the ground that, in each instance, the evidence failed to make out a case of actionable negligence; the contention being that the evidence conclusively showed that, in each instance, appellee assumed the risk arising from the alleged negligence of appellant, because of appellee's knowledge both of such negligence and the consequent danger therefrom.

The findings of the jury on the special issues were all favorable to appellee and unfavorable to appellant on each of its defensive issues; and, with these findings as a basis, the court entered judgment in appellee's favor for the aggregate amount of the damages found by the jury for the two injuries. By appropriate assignments of error, appellant contends that this cause should be reversed and rendered in its favor as to each of the injuries for which damages were awarded, and in the alternative should be reversed and remanded because of errors assigned in reference to other matters.

[2, 3] As to the injury resulting to appellee while riding on the hand car, we find that the favorable verdict of the jury on each of the two issues of appellant's negligence is supported by evidence, and we adopt such findings as the finding of this court. While there is a serious question as to whether appellee assumed the risk of operating the hand car over the defective track because of his knowledge of its condition, there is the certainty that appellee did not assume the risk of the negligent act of the foreman in the manner in which he grabbed hold of the lever of the hand car on the occasion of the injury. If we should resolve the contentions in reference to the defective track against appellee, the judgment assessing damages for this injury must stand because of the other finding of negligence. All assignments of error in reference to the injury received by appellee on the 13th day of January, 1925, while he was riding on appellant's hand car, are overruled, and the judgment of the court awarding appellee damages in the sum of $1,000 because of such injury is affirmed.

[4] A more serious question is presented in reference to the injury received on the 16th day of April, 1925, while appellee was engaged in the work of unloading cross-ties. The general rule is, where the servant knows, or ought to know, that the master has furnished too few servants for the reasonably safe prosecution of the work, he assumes the risk incident to working with insufficient assistance. 39 C. J. 744, and Texas and federal cases cited in note. Does this record as a matter of law compel the application of this rule of law to this case? Let us examine the evidence and see.

[5] The evidence discloses that appellee was 57 years of age and previous to his work as a section hand for appellant had done considerable work at sawmills in east Texas, where he had handled and assisted in handling a great many timbers; that his entire experience as a section hand for a railroad was with appellant; that he entered appellant's employment in such capacity on December 6, 1923, and worked as a section hand until the latter part of March, 1924; that he again entered the employment of appellant in such capacity in November of that year and remained with such employer until after his last injury; that during the time of such employment he had assisted, to some extent at least, in unloading and handling cross-ties; that at the time of the injury the section crew was short-handed, consisting of a foreman and three other employees; that these cross-ties were in a box car, loaded lengthwise with the car, and were green and

very heavy, weighing about 300 pounds each; that at 1 p. m. of the day preceding the injury appellant's foreman, Griffin, directed appellee and Dill, another section hand, to get in the box car and unload these ties; that the foreman and Phillips, the other member of the crew, remained on the outside and stacked these ties as they were thrown out; that just before the beginning of this work the foreman said:

"Boys, we are short-handed, and be very careful; somebody will get killed on these big ties if you are not careful."

Appellee again testified:

"The ties were heavy, and I knew they were heavy; I found it out when we handled them the morning (evening?) before the accident. The accident occurred about 10:30 o'clock in the morning, while we were unloading the balance of those ties."

Appellee also testified:

"That was the heaviest car of ties that I had ever seen, and we had been told to be very careful; we knew that if the ties fell on us it would hurt us; we knew that if we turned one a loose that we were liable to be slung back. I did not say that I knew that was the heaviest tie I had ever seen, but I knew the minute I opened the car that they were very heavy ties; I knew that if one of these ties slipped and fell it was liable to hurt somebody. Of course, in one sense, I knew it was dangerous work. I could tell by looking at the situation it was heavy work. When I got hurt Mr. Ollie Phillips helped Dill, and he and Dill unloaded the balance of the carload of ties. * * * I guess Mr. Dill thought he could lift one end of that tie, or he would not have tried it. I knew they were too heavy for one man to lift at one end, and I knew it that evening before I got hurt; * * * I knew it was too heavy for him."

Appellee also testified that he had stuck his pick in the end of this tie, and they had drawn it to a certain position, and while he was holding the pick Dill took hold of the other end of the tie to lift it up and carry it around in position to be thrown out by them; Dill gave down under the weight of the tie, because he was not strong enough to hold the end up; that when Dill gave way this threw him back away from the tie, his pick slipped out, and he fell on the ties and received the injuries of which he complained. He further testified that he held onto the tie after Dill gave way as long as he could to prevent the tie's falling on Dill and himself and breaking their legs.

Under the special issues submitted by the court on this issue of appellant's negligence, the findings of the jury are: (a) Appellant's foreman, Griffin, directed appellee and one other section hand to unload the cross-ties from the box car; (b) two men were not a sufficient number to handle said ties with reasonable safety; (c) Griffin was guilty of negligence in causing or directing said work

to be done with only two men; (d) such negligence was a proximate cause of appellee's injuries; (e) appellee was injured while handling a cross-tie at the time and place in question; (f) appellee did not assume the risk incident to unloading the cross-ties with only one man to assist him; (g) appellee was not guilty of contributory negligence in handling the tie in question; (h) appellee's injury was not the result of an accident. In the main charge to the jury the court correctly defined the terms "negligence," "contributory negligence," "assumed risk," and "accident."

[6-8] Appellee was engaged in work in the furtherance of interstate commerce at the time of his injury, for which reason the common-law doctrine of assumed risk applies, for under the facts of the instant case such doctrine was not abrogated by the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665). Under this doctrine, when one enters the service of a railroad company, he assumes all the ordinary risk of such service—that is, the risks that are ordinarily incident thereto—but he does not assume risks caused by a negligent breach of duty on the part of his employer. Such risk is termed an "extraordinary risk," but this does not mean that the risk is uncommon or unusual in the sense that it is rare, nor does it denote the magnitude or degree of such risk, but the term is used in the sense that it is a risk that might be obviated by the exercise of reasonable care on the employer's part. 39 C. J. p. 691. In the instant case appellant directed the unloading of the car of cross-ties with an insufficient force for the work to be done with reasonable safety to those directed to engage in its execution. Manifestly this was a breach of a duty that rested upon appellant and the jury was warranted in returning a verdict that pronounced this act negligence, and that such negligence was the proximate cause of appellee's injury.

When appellee was directed thus to engage in the work with the insufficient force, he was confronted with a risk of danger not ordinarily incident to his employment and a risk not assumed by him when he entered upon such employment. He voluntarily engaged in the work with the hazard of attempting its accomplishment with an insufficient number of men. Did he assume the risk of danger because of the hazard? The jury found as a fact he did not. Is this finding supported by evidence? We do not think so.

The undisputed evidence, as given above, shows that appellee had had experience in this character of work. He testified:

"I knew they (the ties) were too heavy for one man to lift at one end, and I knew it that evening before I got hurt."

In addition to this he testified that the foreman directing the work warned them that it was dangerous, using the following language:

"Boys, we are short-handed, and be very careful; somebody will get killed on these big ties if you are not careful."

The evidence undisputedly shows that the injury resulted, not' because of any carelessness on the part of Dill in performing his part of the work, but solely because of his lack of strength to handle one end of the tie. This was a probable result that would come from the insufficiency of the two men to unload the heavy ties. Appellee's experience in working at sawmills, where timbers were handled, of approximately a year in working on the section where he had assisted in handling, and even in unloading, ties, and his work in unloading these very ties the entire afternoon of the day before, permits but one conclusion, and that is that he knew that two men were insufficient in number to unload these ties with reasonable safety. The fact that appellee was warned by the foreman of the danger 'in doing the work "short-handed," and the fact that the injury resulted from his colaborer' giving down under the weight of the tie, permit also but one conclusion, and that is that appellee appreciated the danger in doing the work with an insufficient force. We must hold, therefore, that the finding of the jury that appellee did not assume the risk of unloading the ties with insufficient force is not supported by any substantial evidence. Bonnet v. G., H. & S. A. Ry. Co., 89 Tex. 72, 33 S. W. 334; International & G. N. R. Co. v. Hester, 64 Tex. 403; Jones v. G., H. & S. A. R. Co., 11 Tex. Civ. App. 39, 31 S. W. 706; Missouri, O. & G. Ry. Co. v. Black (Tex. Civ. App.) 176 S. W. 755; St. Louis, A. & T. R. Co. v. Lemon, 83 Tex. 143, 18 S. W. 331; San Antonio Traction Co. v. De Rodriguez (Tex. Civ. App.) 77 S. W. 420.

In the case of Bonnet v. G., H. & S. A. Ry. Co., supra, the following quotation from the opinion of the Supreme Court, written by Chief Justice Gaines, indicates the distinction between the instant case and the cases relied upon by appellee:

"That the servant assumes the risks ordinarily incident to his employment is elementary law. It may also be conceded that the master has the right to conduct his business in his own way, and that his servant cannot recover for injuries resulting from the unusually dangerous manner in which the business is carried on, provided he knows of the danger in time to quit the employment before incurring it. But the servant, in the absence of such knowledge, has the right to, assume that the master knows his business, and that he will conduct it in a reasonably safe and prudent manner. If the master warn him, or if the danger be obvious to an inexperienced man, or if it be not obvious, and being experienced, the servant become aware, before he enters upon its performance, that the master's work is carried on in a dangerous manner, he assumes the risks incident to the business as actually conducted."

In the reported case the injured person was inexperienced in the work in hand, nor did he receive any warning of the dangerous character of the work, which was the carrying of a heavy iron rail on a bridge, and the foreman in charge directed it to be done with an insufficient force. In view of these circumstances the court held that in such case the assumption of the risk was a question for the jury. The very conditions that were absent in the reported case are present in this case. In the reported case there was no experience of the injured party that would inform him of the probable weight of the object being lifted and of the number of men required to handle it with reasonable safety to themselves, nor was there any warning by his foreman informing him of the dangerous character of the work he was undertaking. It was, therefore, a question for the jury to determine whether he knew of the danger of the work in which he was engaged. We therefore hold that this record discloses that appellee, as a matter of law, assumed the risk of the manner in which the work was being done, and that it is the duty of this court to reverse that portion of the judgment allowing damages in the sum of $4,000 for appellee's injury received while unloading the cross-ties, and here render same in favor of appellant, and it is so ordered.

Affirmed in part, and reversed and rendered in part.