## GULF, C. & S. F. R. CO. v. SPIVEY.
### No. 7785.

Court of Civil Appeals of Texas. Austin.
Dec. 6, 1932.

Rehearing Denied Jan. 18, 1933.

Terry, Cavin & Mills, of Galveston, Jno. B. Daniel, of Temple, and Lee, Lomax & Wren, of Fort Worth, for appellant.

De Witt Bowmer and Winbourn Pearce, both of Temple, for appellee.

BAUGH, J.

Spivey sued the railroad company for damages arising from a double hernia suffered by him in the course of his employment as "car man" in its shops at Temple, Tex. From a judgment in his favor for $4,500, based upon jury answers to special issues, the railroad company has appealed.

Briefly stated, the appellee's duties required him, when a car with injured wheels came in, to jack up the end of the box car, remove the wheels needing repair, roll them out from under the car, then across one or more tracks onto what was termed the "bad order" tracks, and replace them with good wheels. A set of such wheels with housing ordinarily weighed about 2,200 pounds. They were moved across such tracks by laying boards and planks along between the rails and rolling the wheels over them to the other tracks where they were repaired. In doing so, Spivey was assisted by one other employee, who used what was known as a "wheel stick" or lever which was applied to one of such wheels, while Spivey pushed with his hands in moving them to the repair tracks. Spivey was working at the time of the injury under the general orders of his foreman, but the foreman was not immediately supervising the work. At the time of the injury, these two workmen were engaged in their usual and customary work in the usual and customary manner.

The negligence alleged was (a) in adopting the method of having said work done with the assistance of only one additional man, when such work was very heavy and required additional help; (b) because such work required the help and assistance of at least two men; (c) failure to furnish at the time sufficient help to do the work; and (d) because the foreman ordered the work done without sufficient help, and failed and refused to warn Spivey of the danger confronting him.

The railroad company, in addition to a general demurrer and general denial, alleged that all the matters pleaded by Spivey as negligence were at all times during his employment fully known to him, or in the exercise of ordinary care should have been known to him, and that he therefore assumed the risk of injury resulting from the discharge of his duties.

The jury found the appellant guilty of negligence in the manner it required the work to be done; that such negligence was the proximate cause of the injury; that appellee did not assume the risk in question; that Spivey was not guilty of negligence; and that the injury was not the result of unavoidable accident. Other findings made by them are not necessary to a discussion of the issues raised.

It is admitted that the car being repaired at the time was being used in interstate commerce. The case comes therefore under the Federal Employers' Liability Act (45 USCA §§ 51–59), and the decisions of the federal courts control. Texas & N. O. R. Co. v. Webster (Tex. Civ. App.) 53 S.W.(2d) 656. The defense of assumed risk was available to the appellant. The general rule in such cases is that the employee assumes the risks of danger ordinarily incident to the discharge of his duties in the particular employment. There is no contention that appellant was at the time guilty of any violation of the federal act which would deprive it of the defense made. Ordinarily the defense of assumed risk is not available to the employer against injuries proximately caused by his own negligence. 39 C. J. 692, and numerous cases cited; 18 R. C. L. 677. Risks against his negligence are not ordinary risks. There are, however, certain well-established exceptions wherein the master is not liable for injuries to his servant, even though the master be guilty of negligence, and the instant case comes, we think, clearly within one of those exceptions.

The sole ground of negligence relied upon in this case is that the appellant failed to furnish sufficient help to do the work required of appellee, and that this failure caused him to strain himself, with the resultant injury named. While the evidence to show negligence of appellant as found by the jury was very meager, if it be sufficient to sustain that finding, still we think that under the undisputed facts and the decisions of various courts the appellant was not liable.

Spivey had been working for appellant for about nine years. For about three years he had been in the car repairing work; and for nine or ten months next prior to his injury had been engaged in the work in which he was injured. During the preceding three years, only two men had been doing this particular work. When for any reason a set of wheels were too heavy for two men to

handle, they called in additional help to move them. Spivey had been so called in for that purpose before he went into this particular employment; and during his employment as car man on occasion had himself called in additional help when needed to move a set of wheels onto the repair track. The usual and customary manner of doing this work both in the shops and on the road for several years past was by two men, and the rules of the company specified that number for the work. He knew that this was the usual and customary manner of doing such work. There is no contention that his fellow servant was in any manner negligent, that the place of work, or the tools, were unsafe or defective. No emergency existed requiring any sudden or immediate overtaxing of his strength. The injury came from his steady and deliberate application of his physical strength in pushing the wheels across the tracks in the usual and customary manner in which he had been doing it during the past nine or ten months without complaint to his foreman or to the safety council. He testified on cross-examination that at the time he was injured he thought the work was too heavy, but he did not call for help, that he did not expect the foreman to remain there on that work and watch it, but that after his nine or ten months' experience on that work he knew as much about it as anybody.

Under these circumstances, we think the conclusion is inescapable that Spivey, admitting his charge of appellant's negligence to be true, knew the dangers of injury involved, or at least such risk was so patent and obvious that he should have known of its existence. See 39 C. J. 726, and numerous cases there cited, including many from Texas.

Both parties cite the rule, deduced from numerous decisions, laid down in 39 C. J. 739, 740, as follows: "Nor is it sufficient that the servant should merely know that there is 'some danger' attending the service, but it is further essential that there should be actual understanding and appreciation of its nature and extent, unless it is so obvious that 'the servant should know of and appreciate it. But where the servant is injured by a known risk of the employment assumed by him, it is immaterial that he did not know the precise extent or character of the injury liable to be sustained, or that he did not appreciate every particular of the risk or all the possible consequences thereof, if as a reasonably prudent man he should have anticipated that some injury might result from the defect. And if he has a general knowledge of defects sufficient to charge him with knowledge of danger, he assumes the risk, although he may not know of the particular defects which cause the injury."

Appellee contends that the first portion of the above-quoted text applies here, in that Spivey did not understand and appreciate that the danger of the particular injury received might result from his overstraining himself; that such consequence was a matter of expert and not of common knowledge, two physicians testifying that hernia would not ordinarily result from overtaxing one's strength while two others testified that such was the cause of appellee's injury. There is nothing to show that the knowledge of the foreman as to the danger of the particular injury received was superior to that of the employee, which is the test applied in the decisions. 18 R. C. L. 685. Ruptures from overstrain appear to be a commonly known resulting injury. If appellant were not liable for an injury, which the employee did understand and appreciate, and which might ordinarily result, it would not be liable for some other particular injury which might ordinarily occur, even though the employee might not understand and appreciate it, if in the exercise of ordinary care he should have anticipated its probable occurrence.

The rule seems to be generally sustained that, "in the absence of any emergency, where a servant knows or ought to know that the master has furnished too few servants for the reasonably safe prosecution of the work, he assumes the risks incident to working with insufficient assistance." 39 C. J. 744; Missouri, O. & G. R. Co. v. Black (Tex. Civ. App.) 176 S. W. 755. The duty of the servant in such case is to quit the service. And in cases where injuries result, in the absence of any emergency, from overtaxing his strength or overstraining his muscles, the uniform rule seems to be that the servant, who is the best judge of his own strength, assumes the risk of the consequences. 39 C. J. 766; 18 R. C. L. 705; Thompson on Negligence, vol. IV, § 4834; International & G. N. R. Co. v. Figures (Tex. Civ. App.) 89 S. W. 780; Hines v. Ross (Tex. Civ. App.) 230 S. W. 1066; Louisiana Ry. & Nav. Co. v. Disheroon (Tex. Civ. App.) 295 S. W. 250; Ferguson v. Phoenix Cotton Mills, 106 Tenn. 236, 61 S. W. 53; Williams v. Ky. River Power Co., 179 Ky. 577, 200 S. W. 946, 10 A. L. R. 1396; Ehrenberger v. Chicago, R. I. & P. R. Co., 182 Iowa 1339, 166 N. W. 735, 10 A. L. R. 1388; Kempe v. Illinois Cent. R. Co., 211 Iowa 812, 232 N. W. 657, 74 A. L. R. 148; Rook v. Davenport, R. I. & N. W. R. Co., 182 Iowa 227, 165 N. W. 419; Petrilli v. Swift & Co., 216 Mo. App. 626, 260 S. W. 516; Lutgen v. Mo. Pac. R. Co. (Mo. App.) 294 S. W. 444. See, also, annotations in 10 A. L. R. 1399, and 74 A. L. R. 148–160, where numerous cases on this particular point are discussed.

In many of the foregoing cases, negligence of the employer having been established, and rupture or hernia from overexertion or overtaxing the strength of the em-

ployee having resulted, the courts have uniformly held that the risk was assumed by the employee. In some of these cases the employee had protested that the work was too heavy, and was acting under a direct order of his superior to do the work. After a rather exhaustive search, we have been unable to find any case, where injury resulted from the act of the employee in overtaxing his strength, and where the common-law defense of assumed risk was not denied to the employer, which does not hold that the employee, being the best if not the sole judge of his own strength, assumes the risk of resultant injury, whether external or internal.

While the question of whether or not, where the employer is negligent, the employee appreciates and understands the dangers involved and assumes the risk, is one of fact for the jury, where the evidence is such, as in this case we think it is, that the danger was patent and the employee knew, or should have known of it, the defense is established as a matter of law. We are forced to the conclusion, therefore, that under the undisputed facts in this case, in the light of the decisions, the trial court should have instructed a verdict for the appellant.

This conclusion renders unnecessary a discussion of the other issues raised on the appeal.

For the reasons stated, the judgment of the trial court is reversed, and judgment is here rendered for the appellant.

Reversed and rendered.

### On Motion for Rehearing.

In an able motion for rehearing, appellee earnestly insists that, inasmuch as two eminent physicians, employees of the railway company, testified positively that hernia cannot be produced by overstraining one's strength, and that appellee's injury was not so produced, we were clearly in error in holding that "ruptures from overstrain appear to be a commonly known resulting injury"; that the only risk assumed by the employee was such dangers as were known to him or ought to have been known to him; that he testified that he knew nothing about hernia or how it might be caused; and that, because physicians themselves were at variance as to how same may be caused, the court could not as a matter of law say that he could be chargeable as a layman with knowledge that his overstraining himself might produce hernia.

It may be that in this respect appellee is correct. Certainly such a contention appears reasonable. But the decisions, as we understand them, in cases involving overstraining one's strength, are not based upon the hypothesis that the employee must anticipate a particular injury resulting from overtaxing his strength, or that he must be cognizant of the particular injury caused thereby. But rather that he is cognizant of, and the sole judge of, his own strength, and, if any injury results directly from his act in overtaxing it, whether it be a hernia, strain of a muscle, rupture of a blood vessel, or otherwise, he assumes the risk of such injury whether he knew that that particular injury might result or not. Such is our understanding of the decisions on this matter. And, if we are correct in this, appellee's contention, admitting same to be correct, does not alter the conclusion reached by us. For this reason, the motion is overruled.

Overruled.