## FORT WORTH & DENVER CITY RY. CO. v. DOTY.
### No. 12873.

Court of Civil Appeals of Texas.
Fort Worth.

July 1, 1933.

Rehearing Denied Sept. 30, 1933.

Thompson & Barwise, F. B. Walker, and E. A. Compton, all of Fort Worth, for appellant.

Alexander & Bird, of Fort Worth, for appellee.

LATTIMORE, Justice.

The deceased, a man about 60 years of age, was an employee of appellant engaged in the placing of supports for appellant's tracks in order that a highway pass under said tracks might be built. Appellant's part in said undertaking consisted in driving wooden piles in the ground and placing thereon a "cap" upon which wooden "stringers" parallel to the tracks were placed, and upon which stringers the cross-ties rested, which latter supported the rails. The railroad track was then being, and had been for many years, used by appellant in interstate transportation. Appellant sought to put in place an extra cap in order that, as excavation progressed and undermined the piles already supporting the rails, such burden might be shifted to this extra equipment and so avoid holding up and delaying this interstate transportation. To this end the foreman in charge ordered deceased and Gillespie to skid this cap—a timber weighing between 600 and 900 pounds and lying some 15 feet from the track—under the rails. Deceased complained that he believed same was too heavy for two men, and the foreman replied that, if deceased could not do it, he "could get two men in Fort Worth who could." Deceased reported this conversation to Gillespie, who told him "we can do it all right." The two then undertook the task and accomplished it, another lending aid after the task was partly performed. In doing same deceased suffered a cerebral hemorrhage, from which he died some months later.

The court submitted this issue: "Do you find from a preponderance of the evidence that H. Gibbons, defendant's foreman, threatened to discharge B. C. Doty from the defendant's employ if he failed to assist Gillespie in placing the said cap? Answer: No."

We believe the statement of the foreman is susceptible of two constructions: (1) That Doty must undertake the moving of the cap or be discharged from appellant's employ; (2) that it could be safely done by some able-bodied men in Fort Worth, and if Doty, knowing his own physical strength and condition better than any one else, felt unequal to the task, he (the foreman) would get some men in Fort Worth to do it. The jury found that the first was not the sense in which same was used. It therefore was said with the other meaning.

The jury found: "Do you find from a preponderance of the evidence that H. Gibbons, the defendant's foreman, assured B. C. Doty that the cap could be safely placed by Gillespie and Doty? Answer: Yes."

We are unable to see how the language can be construed to be an "assurance" other than that able-bodied men were known who could so move the cap. The jury said Gibbons was not threatening Doty with losing his job. It must then have been only a statement that he need not undertake it unless he felt able, and that, if he did not feel able, then he would not be punished therefor, but that stronger men could be obtained.

Doty knew his strength and physical condition better than any one else we must assume, and the record is silent of any con-

tradiction of such assumption. This is to say that Gibbons did nothing that a reasonably prudent man in his situation as foreman would not have done, i. e., he could not be held to have reasonably foreseen such an injury, and in this connection we note that the testimony shows that Gibbons had seen many such caps so moved and none of them with any injury to the movers.

██ It is also to say that Doty assumed the risk of his actions. Whether his assumption of the risk is a defense available to appellant depends on whether Doty was engaged in interstate commerce. We observe that the bridge was then in actual use in interstate transportation. Under the decision in Pedersen v. Delaware, L. & W. Ry. Co., 229 U. S. 146, 33 S. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153, we think we must hold he was. We are aware that some of the abstract reasoning of that opinion may be subject to the criticisms drawn from such cases as Chicago & N. W. Ry. Co. v. Bolle, 284 U. S. 74, 52 S. Ct. 59, 76 L. Ed. 173, laying stress on "transportation" as distinguished from "commerce," but the decision on the facts stands unretracted, and such distinction is of no importance in this case. Texas & P. Ry. Co. v. Kelly (Tex. Com. App.) 51 S.W.(2d) 299, 303; Gulf, C. & S. F. Ry. Co. v. Spivey (Tex. Civ. App.) 56 S.W.(2d) 655, 657.

Reversed and rendered.