MRS. B. C. DOTY, ADMINISTRATRIX, V. FORT WORTH & DENVER CITY RAILWAY COMPANY.

No. 6659.   Decided June 17, 1936.
(95 S. W., 2d Series, 104.)

*Alexander & Bird,* of Fort Worth, for plaintiff in error.

In occupations requiring numbers of workmen to act in concert it is the duty of the employer to provide a sufficient force to safely accomplish the work assigned. Failure to exercise reasonable care in furnishing an adequate number of men is negligence. Where the evidence on the issue is conflicting the issue is for the jury and its decision is final. Payne v. Harris, 228 S. W., 350; Frey v. Krey Packing Co., 260 S. W., 500; Northern Pac. Ry. Co. v. Herbert, 116 U. S., 648; Carter v. Brown, 107 Texas, 539, 181 S. W., 687; 18 R. C. L., 601, sec. 101; 39 C. J., 801.

*Thompson & Barwise, E. A. Compton* and *F. B. Walker,* all of Fort Worth, for defendant in error.

The deceased was engaged in interstate commerce and assumed the risk, and the railway company was not guilty of actionable negligence. Industrial Commission v. Davis, 259 U. S., 182; St. Louis Ry. Co. v. Hynson, 101 Texas, 543, 109 S. W., 929; Texas & Pac. Ry. Co. v. Perkins, 48 S. W. (2d) 252; Gulf, C. & S. F. Ry. Co. v. Spivey, 56 S. W. (2d) 657; Gulf, C. & S. F. Ry. Co. v. Bennett, 110 Texas, 262, 219 S. W., 197.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court Mrs. B. C. Doty, for herself and as administratrix of the estate of her deceased husband, B. C. Doty, recovered judgment against the Fort Worth & Denver City Railway Company for $5000.00. The suit was originally instituted by B. C. Doty, but he died before it came to trial and Mrs. Doty, as administratrix and in her own right, became plaintiff. The Court of Civil Appeals reversed the trial court's judgment and rendered judgment that she take nothing. 64 S. W. (2d) 796.

1 ■ The decision by the Court of Civil Appeals was placed upon two ultimate conclusions: First, that the railway company, as a matter of law, was not negligent, and second, that Doty assumed the risk of his actions. The latter holding was predicated upon the further holding that the deceased, at the time of his injury, was engaged in interstate transportation. In an action of this nature assumed risk is not available as a complete defense under our statutes (Art. 6437), but is so available under the Federal Employers' Liability Act, which is applicable if the injury was sustained in interstate transportation. If no act of negligence on the part of the railway company proximately caused the injuries, then the question of whether the deceased was engaged in interstate transportation and the related question of whether he assumed the risk of his actions are not reached. We have concluded that there is no evidence of actionable negligence on the part of the railway company and shall not, therefore, consider any other question presented. So far as material to a decision of that question, the facts may be summarized as follows:

The deceased, a man 59 years of age, was employed by the railway company as a member of a bridge gang. At the time he received his injuries the bridge gang was engaged in preliminary work necessary to construct an underpass for a state highway to intersect the railway company's track near the town of Rhome, in Wise County. In the construction of the underpass certain frame work was necessary, which called for the handling of heavy timbers. The deceased and a fellow employee, Claud Gillespie, were directed or ordered by their foreman, Gibbons, to move a piece of timber 14″ by 14″ by 14′ from its position on the ground some 12 or 15 feet distant from the track and place it in position under the stringers. Gillespie jacked up one end of the timber and the deceased put a piece of round wood under it to be used as a roller. The two then, by the use of a cant hook, skidded or rolled the timber to the frame work and placed it in position. The tool with which the timber was moved was equipped with two hooks but with only one handle. In the course of skidding or rolling the timber the deceased over-exerted himself, causing a blood vessel to burst in his head, resulting in his death some months later. The only ground of negligence submitted to the jury was that covered by the following:

"Special Issue No. 3:

"Question. Do you find from a preponderance of the evidence that H. Gibbons, defendant's foreman, failed to assign a

sufficient number of men to place the cap in position under the railway tracks? Answer Yes or No. Answer, Yes."

In answer to the next two issues the jury found that such failure on the part of the foreman was negligence, which was the proximate cause of the injuries. Other fact findings by the jury material to the question under consideration were: That an ordinarily prudent person situated as was the deceased would not have reasonably foreseen and anticipated that, as a result of so moving said cap, he would receive the injury that he did, or some similar injury, but that such a person situated as was Gibbons, the foreman, would have reasonably foreseen and anticipated that, as a result of the cap's being too heavy for two men to move, the moving thereof was dangerous. The jury further found that Doty, at the time of moving the cap, "had hardening of the arteries or other physical disease," but that his condition thereafter was not due solely "to such hardening of the arteries or other physical disease."

■ There is no evidence in the record that the timber in question was not being moved in the usual and customary way, or that ordinarily it was not safe for two men to move it. No lifting was required, but merely a series of pushes or pulls in unison with another employee and with the benefit of a lever. There is no evidence from which it could be reasonably inferred that, in the ordinary course of things, injury would result to a normal man from work of this character. The jury found that an ordinarily prudent man, situated as was the deceased, could not have reasonably foreseen and anticipated that injury would result to him from his actions. Upon what evidence it found that such a person, situated as was the foreman, Gibbons, could have reasonably foreseen and anticipated the injury, we are unable to understand. The record discloses a much greater reason why Doty should have anticipated injurious consequences than why Gibbons should have done so. Doty was suffering from hardening of the arteries or some other disease. Gibbons was not informed of that fact. He had the right to assume that he was dealing with a man in normal physical condition and capable of doing heavy work like that required of members of a bridge gang, and that such a man, knowing his own strength, would not push or pull beyond his capacity to endure. In the absence of a showing of knowledge on his part that Doty was not in such condition, it cannot be said that there is any evidence that he failed to act as an ordinarily prudent person would have done under the

circumstances, or that such a person situated as he was, could have reasonably foreseen or anticipated injurious consequences to flow from the doing of the act.

In her reply to the assignment presenting this question, plaintiff in error seems to rely in a large measure upon the testimony of Gillespie, the man who worked with Doty in placing the timber, to the effect that Doty told him that he, Doty, had protested to the foreman, Gibbons, that the work was too heavy for two men. Gillespie did not hear the protest and Gibbons denied that it was made. The only evidence that it was ever made is Gillespie's testimony that Doty told him he had made it. There is, at least, a serious question as to whether this testimony was not pure hearsay and, therefore, no evidence at all, but, since the question is not controlling and is not briefed, we shall not write on it. If admissible, it has no probative value on the issue of the foreman's negligence. It but indicated that Doty, with knowledge of his own physical condition, questioned his ability to do his part of the task assigned. At most, it was but his opinion, and the jury found that it would not have been the opinion of an ordinarily prudent man in his situation. There is no reason to conclude that it should have influenced the opinion of Gibbons.

The evidence does not raise an issue of fact as to the negligence of the railway company or its foreman. Neither does it raise an issue of fact on the related question of proximate cause, in which inheres the element of anticipation of foreseeableness of injurious consequences. The Court of Civil Appeals so determined and rendered judgment that the plaintiff in error take nothing. No reason is perceived for remanding the cause for another trial. It is therefore our order that the judgment of the Court of Civil Appeals be affirmed.

*Opinion adopted by the Supreme Court June 17, 1936.*