## SHUMAKE v. GREAT ATLANTIC & PACIFIC TEA CO.

### No. 14611.

Court of Civil Appeals of Texas. Dallas.

Feb. 20, 1953.

Rehearing Denied March 20, 1953.

Chaney & Davenport, Fred Harless and Ross Prescott, Dallas, for appellant.

John N. Touchstone, Dallas, for appellee.

CRAMER, Justice.

This is an action for damages for personal injuries to appellant's wife, an employee of appellee. Plaintiff alleged his

wife's employment from May 1949 to the date of her injury, April 19, 1951; that her duties were to weigh and wrap in paper or foil cuts of meat left for that purpose on trays, and in that connection she was required to lift whatever trays were left in a cabinet or on a series of divided shelves for such purpose; that on April 19 she attempted to pick up a tray of meat which had been placed in such cabinet, and that without her knowledge the tray was excessively heavy and caused her back to be wrenched and strained and ligaments to be torn, etc.; and that the placing of excessive quantities of meat on the tray by the agents and servants of appellee Atlantic and Pacific, such facts being known to such other employees, was negligence which proximately caused her injuries; and prayed for $3,000 damages. Appellee defended by general denial only.

A verdict was returned on special issues, finding in effect that, (1) Atlantic and Pacific, through its agents, servants, or employees, placed excessive quantities of meat on the tray which plaintiff's wife lifted on the occasion in question; (2) which was negligence; (3) that proximately caused his wife's injuries; (4) that such injuries were not the result of an unavoidable accident; and (5–6) found damages in the sum of $1,500.

Appellant's motion for judgment on the verdict was overruled and appellee's motion for judgment n. o. v. was sustained and, on such rulings rendered a judgment that appellant take nothing. This appeal has been duly perfected from that judgment.

Appellant Shumake briefs but one point of error, in substance that the court erred in disregarding the verdict because it was supported by evidence. Appellee counters by two points, in substance that there was no error in sustaining its motion for judgment n. o. v., since (1) there was no evidence, and (2) the evidence, if any, was wholly insufficient to sustain the findings of negligence and proximate cause. This necessitates a summary of the evidence.

Mrs. Shumake testified that she was married to appellant some 24 years before; they have two children, 23 and 15 years of age; on April 19, 1951 she was working for appellee; had worked for them since May 1949, doing the same kind of work as that in which she received the injury here sued on. She worked from 8:00 A.M. to 6:00 P.M., at $40 per week, as a weigher and wrapper in the meat market. Her duties, material here, were picking up trays of meat in the cooling room, weighing and wrapping the meat, then taking them to the cooler; or at times taking them outside and putting them on a counter; that there were shelves all around two sides of the room where she picked up the trays of meat; these shelves were in what is known as the cutting room; there was a cooler room to the side of the cutting room; there was a wide door between the cooler and cutting room; the shelves were about four feet high, spaced each about a foot high. It was part of her duties to go to the cooler and bring trays of meat out to be weighed and wrapped by her; that on the day she received her injury she went to the cooler to get a pan of meat to bring out for weighing and wrapping; she picked the only tray there of lunch meat, pulling it out of a low shelf. She states that when she picked it up she knew she had hurt herself, but couldn't drop it, so she took it on into the other room. The tray she picked up was of uniform size and was 10 inches wide, 30 inches long and 3/4 inch deep, and she estimated the one she picked up to weigh about 50 lbs.; she didn't know how much it weighed, but it was heavy; admitted that her statement was a guess and that some trays would be lighter and some heavier. Some would be one kind of meat and some would be another kind; she admitted she had in the past asked men employees to lift heavier things for her and that they would laugh and joke her and tell her not to hurt herself. On the occasion in question she could have asked Mr. Kickirillo to help her, but he wasn't there; she could have asked Luther Smith; she had in the past called on each of them, "but they certainly griped about doing it" and "dilly-dallied" in doing it. She had never been told to ask the men to help if the pans were too heavy. On the occasion in question she was not told to lift the tray; she could see it; there were empty trays and she could have divided the

load into them, but she did not; she did not ask anyone to help her lift the tray in question; she knew it was a pretty good load but "I didn't think about it being too heavy"; there was nothing about the tray or its appearance on that occasion to cause her to think it might hurt her to lift it and that was the reason she picked it up and lifted it as she did. "A. I just picked it up and went on with it; I didn't think about it hurting me, or I wouldn't have done it.

"Q. It didn't look to be loaded where it would hurt you to do it, did it? A. Well, I didn't think about it while I pulled it out, how heavy it would be; I didn't realize it was that heavy until I had it in my hands, and then I wouldn't put it back.

"Q. I understand, Mrs. Shumake. Now, my question is this: You did look at it before you picked it up, that is right, isn't it? A. Well, I just glanced at it, I suppose.

"Q. Well, you glanced or you looked. Now, my question was, was there anything about the appearance of that tray and its contents that made you think that if you lifted it, it might hurt you? A. No.

"Q. And therefore you went ahead and lifted it? A. I went ahead and lifted it.

"Q. There wasn't anybody else in there to do your thinking for you then, was there? A. No."

The record further shows that she saw three doctors for treatment and one for X-rays since the accident; however no medical testimony was introduced.

Appellant cites Great Atlantic and Pacific Tea Co. v. Evans, 142 Tex. 1, 175 S.W.2d 249, as controlling this case; and that the principles there announced have been affirmed in Western Union, etc. v. Coker, 146 Tex. 190, 204 S.W.2d 977, 979; also cited Austin St. Ry. Co. v. Oldham, Tex.Civ.App., 109 S.W.2d 235; McLean v. McCollum, Tex.Civ.App., 209 S.W.2d 959; Safeway Stores, Inc. v. Webb, Tex.Civ.App., 164 S.W.2d 868; and 17 Tex.Jur., Evidence, secs. 409 and 410. Appellee also cites and relies on the Evans and Coker cases and on Safeway Stores v. Webb, Tex.Civ.App., 164 S.W.2d 868, 871, as well as Doty v. Fort Worth & D. C. R. Co., 127 Tex. 521, 95 S.W.2d 104–105, and a number of out of state cases.

■ The only question here is whether or not there is support in the evidence for the verdict. If not, the judgment n. o. v. was proper. If the verdict was supported by the evidence, then judgment should have been entered in the trial court on the verdict.

■ In testing the sufficiency of the evidence we need only consider and give credence to the evidence and circumstances favorable to the verdict and disregard that to the contrary. Appellee being subject to the Workmen's Compensation Act, and not being a subscriber to that Act, there are, by reason of Art. 8306, § 1, V.A.C.S., no issues as to contributory negligence, assumed risk, and fellow-servant rule, and such defenses are not plead by appellee.

■ The rule announced in the Coker case is that the employer is not liable when he has furnished sufficient assistance, and injury results from an act of the employee in voluntarily proceeding to do the work without using or calling for such assistance; or where sufficient help is near by and available, and employee, without seeking such assistance, does the work alone.

■■ The rule announced in the Evans case is that when work is done regularly by other employees without assistance, one element of proximate cause, to wit, foreseeability, is not present; and therefore the failure on the part of employer to furnish extra help is not a proximate cause of the injury. In the Coker case the employer provided extra help as here. It was held there that employee's failure to use the extra help barred his recovery. In the Evans case the employer could not foresee the danger and therefore his failure to furnish the extra help was not negligence or a proximate cause of the injury. It therefore appears that such cases are favorable to appellee, not to appellant, and that the judgment notwithstanding the verdict was proper. Here help was available and appellant did not use it. But assuming she could not foresee the danger in her lifting without calling for help, even under such facts, under the evidence, it cannot be said that the

employer, without further showing, should have foreseen injury (which could not be seen by Mrs. Shumake) in the lifting of the tray.

If she knew the tray was heavy, as she says she did, and lifted it without calling for the help provided by the employer, she could not, under the Coker case, recover.

In Armstrong v. Missouri-K.-T.-R. Co. of Texas, Tex.Civ.App., 233. S.W.2d 942, 946, this Court held:

"Armstrong knew of the icy conditions and that the particular lifting would be attended with more than usual difficulty. Was defendant duty bound to do more than furnish additional help against such a contingency? We think not. The salutary rule of foreseeability and anticipation of injurious consequences (proximate cause) is likewise applicable to injuries arising under the Federal Employers' Liability Act. Here, and as appellee points out, there was no way for appellee to have anticipated that appellant, being the best judge of his own strength, and finding the door too heavy, would attempt to lift it, when he had only to call upon the assistance at hand; and

when Armstrong (correctly judging his own ability to lift the door, as the jury has found) could not have thus foreseen or anticipated injury to himself, how can it be said by any reasonable inference that appellee should have done so? Under facts quite analogous in Western Union Telegraph Co. v. Coker, 146 Tex. 190, 204 S.W. 2d 977, 979, and despite jury findings acquitting Coker of negligence, our Supreme Court held that: 'The employer is not liable when he has provided help and injury results from the act of the employee in voluntarily proceeding to do the work without assistance. The same is true when sufficient help is nearby and available and the employee does the work alone without seeking or asking for assistance.'"

From what has been said it is apparent that we find no error in the trial court's judgment non obstante veredicto for the appellee, Great Atlantic and Pacific Tea Company. Appellant's point is overruled and the judgment below is

Affirmed. .

DIXON, C. J., not sitting.